# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2010

Lyle W. Cayce
Clerk

No. 09-10589

EVELYN D. RICE,

       Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

       Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This social security case brings the issue of whether a federal court may condition the amount of its Equal Access to Justice Act award of attorney's fees on a future grant of attorney's fees by the Commissioner of Social Security. The government concedes that Congress does not permit the offset. We are persuaded that this concession is compelled by the statutory scheme.

I.

Evelyn D. Rice, a former postal clerk, has not worked since February 18, 2003, due to a car accident, and continues to have a variety of musculoskeletal

No. 09-10589

disorders, including fibromyalgia. She filed an application for disability insurance benefits on October 18, 2004, but the Commissioner of Social Security denied it, asserting there were jobs in the national economy that Rice could perform.

Rice then hired attorney Ronald D. Honig under a contingency fee arrangement, whereby Rice would pay Honig up to 25% of any past-due benefits. Specifically, Rice would pay over approved Social Security Act fees for work performed before the agency under 42 U.S.C. § 406(a) and for work performed before a court under 42 U.S.C. § 406(b).[1] And Honig would retain any attorney's fee awarded under the Equal Access to Justice Act (EAJA),[2] to the extent it was not offset by a § 406(b) fee.

With Honig in her corner, Rice sought judicial review in the Northern District of Texas. After answering Rice's complaint, the Commissioner voluntarily moved to remand, acknowledging error in the administrative process: the Commissioner had not proven that Rice had transferable skills needed to engage in the type of semi-skilled work available to her. Pursuant to sentence four of 42 U.S.C. § 405(g),[3] the district court granted the motion to remand for further proceedings.

Under a sentence four remand, the court immediately enters judgment

---

[1] 42 U.S.C. § 406 codifies a portion of the Social Security Act.

[2] *See* 28 U.S.C. § 2412(d).

[3] "In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the [Commissioner] are set forth in sentence four and sentence six of § 405(g) . . . ." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). We express no opinion about attorney's fees in sentence six remands under § 405(g).

No. 09-10589

and terminates the civil action.[4] As happened with Rice, a sentence four remand does not necessarily mean that the claimant will get benefits; the district court may remand for a legal error and leave for further agency findings whether benefits are due. However, "a party who wins a sentence-four remand order is a prevailing party," opening the door to an EAJA award if the government's position was not substantially justified.[5]

The district court granted an unopposed motion[6] for an EAJA award of attorney's fees in the amount of $2,853.87, plus costs of $360.60. The court further ordered that, "in the event that Rice's counsel receives fee awards under [42 U.S.C.] § 406 for work performed on Rice's claim, regardless of whether such awards are awarded at the administrative or judicial level, Rice's counsel shall promptly pay to Rice an amount equal to [the lesser of the two awards]." Rice appealed the order insofar as it required her attorney to remit a portion of the EAJA award if she won attorney's fees at the administrative level under § 406(a).

II.

A.

i.

Attorneys representing social security claimants can often win fees in two ways. The first type of fee in contingency agreement cases comes out of the

---

[4]*Id.* at 298–99.

[5]*Id.* at 300–02.

[6]The Commissioner conceded that the agency's position before the court had not been substantially justified, necessary for relief under the EAJA.

No. 09-10589

claimant's past-due benefits.[7]  Congress allows both the Commissioner and the courts to award these fees, but treats "the [two] review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."[8]

For contingency fees at the administrative level, the Commissioner "shall approve" the agreement as long as: (1) the attorney files it with the Commissioner in advance; and (2) the fee does not exceed the lesser of 25% of the total past-due benefits or $6,000.[9]  And for contingency fees on judicial review:

> Whenever a court renders a judgment favorable to a claimant . . . , the court may . . . allow . . . a reasonable fee for . . . representation, not in excess of 25 percent of . . . the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount . . . to [the] attorney out of, and not in addition to, the . . . past-due benefits.[10]

---

[7]Some attorneys do not work on a contingency basis.  Upon petition to the Commissioner, they can get fees for administrative-level work even if no benefits are won.  *See* 42 U.S.C. § 406(a)(1); 20 C.F.R. § 404.1725(b)(2).

[8]*Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).

[9]*See* 42 U.S.C. § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009); *see also Gisbrecht*, 535 U.S. at 795.

[10]42 U.S.C. § 406(b).  This court has explained that, with § 406(b), "Congress sought . . . to accomplish two goals.  First, to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees . . . .  And, second, to insure that the old age benefits for retirees and disability benefits for the disabled . . . are not diluted by a deduction of an attorney's fee of one-third or one-half of the benefits received." *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

No. 09-10589

This regime recognizes that the Commissioner and the courts operate in different spheres. "The district court . . . may consider only court-related services in setting allowable fees for representation before it. On the other hand, Congress has made it equally clear that the authority for setting fees for representation in agency proceedings rests exclusively with the [Commissioner]."[11] Despite this segregation – and despite sharp disagreement from other courts of appeals – Fifth Circuit interpretation of § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant."[12] That is, fees under § 406(a) plus fees under § 406(b) cannot exceed 25%. That structure is not at issue here.

ii.

The second type of attorney's fees comes through the EAJA, which allows "a party prevailing against the United States in court, including a successful Social Security benefits claimant, [to] be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially

---

[11]*Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), *overruled on other grounds by Gisbrecht*, 535 U.S. at 794.

[12]*Dawson*, 425 F.2d at 1195; *accord Morris v. SSA*, 689 F.2d 495, 497–98 (4th Cir. 1982). *Contra Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008) ("We hold that the plain text of 42 U.S.C. § 406(b) limits only the amount of attorney's fees awarded under § 406(b), not the combined fees awarded under § 406(a) and § 406(b), to 25% of the claimant's past-due benefits."); *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 936 (10th Cir. 2008); *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc), *overruling Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972).

justified.'"[13]  In contrast to fees under § 406(b), "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate, capped in the mine run of cases at $125 per hour."[14] Because in a sentence four remand the court terminates the "civil action," the prevailing party cannot receive enhanced EAJA payments for work done on the administrative level.[15]

---

[13]*Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).
Congress specifically provided:

> [A] court shall award to a prevailing party other than the United
> States fees and other expenses . . . incurred by that party in any
> civil action . . . , including proceedings for judicial review of
> agency action, brought by or against the United States in any
> court having jurisdiction of that action, unless the court finds
> that the position of the United States was substantially justified
> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "Congress enacted the EAJA in 1980 in response to
concerns that individuals would be deterred from seeking relief from
unreasonable government action because of the expenses incurred in
pursuing such relief."  *Stephens ex. rel. R.E. v. Astrue*, 565 F.3d 131, 134–35
(4th Cir. 2009) (citing S. Rep. No. 96-253, at 7 (1979)).

[14]*Gisbrecht*, 535 U.S. at 796 (citations, quotation marks, and alterations
omitted).

[15]*See* 28 U.S.C. § 2412(d)(1)(A); *Shalala v. Schaefer*, 509 U.S. 292,
295–304 (1993).  Some agencies can give EAJA awards for adversary
adjudications at the administrative level, *see* 5 U.S.C. § 504(a), but "[i]t has
been held that proceedings before the Social Security Administration are not
adversary adjudications and are thus excluded from coverage under the
EAJA," *Clifton v. Heckler*, 755 F.2d 1138, 1142–43 (5th Cir. 1985) (joining the
other circuits to so hold and citing cases); *see also Sullivan v. Hudson*, 490
U.S. 877, 891 (1989).

No. 09-10589

B.

Twenty-five years ago, social security attorneys looking to collect both a court-ordered contingency fee and an EAJA award in the same case found themselves in a pickle, because when a court grants contingency fees under § 406(b) for a successful judicial challenge, it is a crime for an attorney to "charge[], demand[], receive[], or collect[] for services rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court."[16]  This provision would forbid attorneys from seeking to collect fees awarded under the EAJA.  Recognizing the problem, Congress endeavored to harmonize the two types of fees by creating a savings clause.[17]

Through an uncodified 1985 amendment to the EAJA, "[f]ee awards may [now] be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"[18]  "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due

---

[16]42 U.S.C. § 406(b)(2).

[17]*Gisbrecht*, 535 U.S. at 796.

[18]*Id*. (citing Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 183 (providing that § 406(b)(1) "shall not prevent an award of fees under [the EAJA]" and that § 406(b)(2)'s criminal provision "shall not apply . . . where the claimant's attorney receives fees for the same work under both section [406(b)] and [the EAJA if] the claimant's attorney refunds to the claimant the amount of the smaller fee")) (third alteration in original); *see also Astrue v. Ratliff*, 560 U.S. ____, ____, 2010 WL 2346547, at *6, 2010 U.S. LEXIS 4763, at *18 (2010).

No. 09-10589

benefits."[19]

The amendment did not provide a savings provision for administrative level awards under § 406(a), which also makes it a crime for any person to "knowingly charge or collect directly or indirectly any fee in excess of the maximum fee."[20] (The "maximum fee" in contingency cases at the administrative level is the lesser of 25% of past-due benefits or $6,000.[21]) The question is whether an attorney may earn both a § 406(a) award of attorney's fees at the administrative level and an EAJA award of attorney's fees at the judicial level.

The district court in Rice's case said no, granting an EAJA award, but conditioned it on Honig returning to Rice an amount equal to the lesser of the EAJA award or any subsequent § 406(a) award made by the Commissioner. Both Rice and the Commissioner urge that the court had no authority to order an offset of this kind. We review de novo the district court's legal conclusion that it did.[22]

---

[19] *Gisbrecht*, 535 U.S. at 796 (quotation marks and alterations omitted).

[20] 42 U.S.C. § 406(a)(5).

[21] 42 U.S.C. § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009).

[22] *Squires-Allman v. Callahan*, 117 F.3d 918, 920 (5th Cir. 1997) ("We review a fee award under the EAJA for abuse of discretion. Underlying findings of fact are reviewed for clear error. Underlying conclusions of law, however, are reviewed de novo." (citations omitted)); *see also Davidson v. Veneman*, 317 F.3d 503, 505 (5th Cir. 2003). *Compare Pierce v. Underwood*, 487 U.S. 552, 571 (1988) (explaining that the abuse-of-discretion standard applies to an EAJA award's rate), *with United States v. Truesdale*, 211 F.3d 898, 906 (5th Cir. 2000) (explaining in an analogous context that "legal determinations underlying the district court's decision are . . . reviewed de

No. 09-10589

III.

Both the Social Security and Equal Access to Justice statutes treat administrative and judicial review as separate entities – suggesting, at first blush, that § 406(a) *administrative* fees do not overlap with EAJA *judicial* fees. Regarding the Social Security Act, Congress designed "the administrative and judicial review stages discretely,"[23] and "the authority for setting [§ 406(a)] fees for representation in agency proceedings rests exclusively with the [Commissioner],"[24] while "[t]he district court . . . may consider only court-related services in setting allowable [§ 406(b)] fees for representation before it."[25]

On sentence four remands, as here, the EAJA states the district court "shall" grant EAJA attorney's fees if the government's position before the court had not been substantially justified, and the court derives the fee from work performed only at the judicial level. Because these EAJA fees can overlap with § 406(b) fees – and because § 406(b)(2) makes it a crime for an attorney to double collect at the judicial level – Congress passed the savings clause, which requires the attorney to refund to the client the lesser amount. Because judicial and administrative reviews are separate, the parties urge that an EAJA award for

---

novo" and noting that "Judge Friendly has stated, 'it is not inconsistent with the discretion standard for an appellate court to decline to honor a purported exercise of discretion which was infected by an error of law'" (citing *Spawn v. W. Bank-Westheimer*, 989 F.2d 830, 839 (5th Cir. 1993) (quoting *Abrams v. Interco, Inc.*, 719 F.2d 23, 28 (2d Cir. 1983))) (alteration omitted)).

[23]*Gisbrecht*, 535 U.S. at 794.

[24]*Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), *overruled on other grounds by Gisbrecht*, 535 U.S. at 794.

[25]*Id.*

No. 09-10589

judicial work cannot mix with § 406(a) fees for administrative work, obviating the need for a savings clause with respect to § 406(a).[26]

We agree, noting that the texts of the two § 406 criminal provisions adhere strictly to forum lines. Section 406(a)(5) makes it a crime only to collect more for work done at the administrative level than the maximum fee allowed by the Commissioner,[27] and § 406(b)(2) forbids only collecting more for work done at the judicial level than that approved by the court.[28] Because an attorney can win both § 406(a) and § 406(b) fees in the same case,[29] Congress can have meant

---

[26]Put another way, the EAJA fees and § 406(a) fees are not for the "same work." Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 183.

[27]*Compare* 42 U.S.C. § 406(a)(5) ("Any person . . . who shall knowingly charge or collect directly or indirectly any fee in excess of the *maximum fee . . . prescribed by the Commissioner of Social Security* shall be deemed guilty of a misdemeanor . . . ." (emphasis supplied)), *with* 42 U.S.C. § 406(a)(1) ("The Commissioner of Social Security may, by rule and regulation, prescribe the *maximum fees* which may be charged for services performed *in connection with any claim before the Commissioner of Social Security* under this subchapter, and any agreement in violation of such rules and regulations shall be void." (emphasis supplied)).

[28]*See* 42 U.S.C. § 406(b)(2) ("Any attorney who charges, demands, receives, or collects *for services rendered in connection with proceedings before a court* . . . any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor . . . ." (emphasis supplied)).

[29]Our cases have implied as much. *See Brown*, 917 F.2d at 190–91 (approving the district court's decision to grant § 406(b) fees when the attorney had already received a § 406(a) fee); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970) (holding that the aggregate fees under § 406(a) and § 406(b) may not exceed 25%). District courts within the circuit regularly grant fees in addition to agency-level fees. *See, e.g.*, *Raposa v. U.S. Comm'r SSA*, 2009 WL 3460433, at *1–*2, 2009 U.S. Dist. LEXIS 98296, at *3–*6

10

No. 09-10589

nothing else.  Otherwise, an attorney could collect either a § 406(a) or a § 406(b) fee, but not both.  As long as the EAJA award is not given for work done at the administrative level, no savings clause is needed for § 406(a).

While it is clear that the statutes do not *require* an offset, there remains the question of whether the district court *may* take into consideration future § 406(a) attorney's fees when setting an EAJA award.  We hold that it may not, hewing closely to the EAJA's text.  The statute mandates[30] payment of "reasonable" attorney's fees, the amount of which "shall be based upon prevailing

(W.D. La. Oct. 22, 2009); *Brannen v. Barnhart*, 2004 WL 1737443, at *3, 2004 U.S. Dist. LEXIS 14893, at *9 (E.D. Tex. July 22, 2004) ("When Social Security cases are litigated administratively and judicially, prevailing claimants and their attorneys may recover up to three attorney's fee awards: (1) from the Commissioner pursuant to 42 U.S.C. § 406(a); (2) from the district court pursuant to 42 U.S.C. § 406(b); and (3) from the district court pursuant to 28 U.S.C. § 2412(d)(1)(A).  When both the second and third awards are received, the lesser must be returned to the client.").  And the other circuit courts of appeals have interpreted the Social Security Act to allow both § 406(a) and § 406(b) fees for the same claim.  *See*, *e.g.*, *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008); *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008); *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) ("[I]n cases where the court remands the case back to the [Commissioner] for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the [Commissioner] will award whatever fee the [Commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

[30]"Except as otherwise specifically provided by statute" or "unless . . . the position of the United States was substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  These exceptions – none of which the district court found here – bear on a party's "eligibility for a fee award."  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *see also Milton v. Shalala*, 17 F.3d 812, 813 n.1 (5th Cir. 1994).

11

No. 09-10589

market rates for the kind and quality of the services furnished."[31]  This "statutory standard" method of calculation does not allow for consideration of future fees granted at the administrative level, which is independent of the kind and quality of work provided before the federal courts.[32]

## IV.

No doubt the offset implicated a compelling policy choice, one that persuaded the district court and coincides with the EAJA's purpose "that the amount of the total past-due benefits the claimant actually receives will be

---

[31] 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has explained EAJA fees "are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate, capped in the mine run of cases at $125 per hour." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citations, quotation marks, and alterations omitted).

[32] *See* In re *Estate of Lee*, 812 F.2d 253, 257 (5th Cir. 1987).  While we have noted that a district court can dip below Congress's suggested rate calculation, *id.*, we have affirmed that it is the twelve factors set out in *Johnson v. Georgia Highway Express* that bear on the determination of a reasonable rate under the EAJA, *Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974)).  None of *Johnson*'s twelve factors contemplate a reduction for future § 406(a) awards.  *See Johnson*, 488 F.2d at 717–19 (listing the factors as: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases).

No. 09-10589

increased."[33]    If the EAJA is supposed to help the claimant pocket a greater portion of her past-due benefits, there is little reason to distinguish between attorney's fees taken out of benefits at the administrative or judicial level.  On the other hand, the Commissioner and, of course, social security lawyers take a contrary policy stance, maintaining that fewer attorneys will represent social security plaintiffs if courts offset EAJA fees with § 406(a) fees.

In the end, we accept, as we must, the choice made by Congress – which has not left the district courts with sufficient discretion to offset an EAJA award of attorney's fees with a future 42 U.S.C. § 406(a) award of attorney's fees by the Commissioner of Social Security.

REVERSED.

---

[33]*Gisbrecht*, 535 U.S. at 796 (quotation marks and alterations omitted).