# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 16, 2010

Lyle W. Cayce
Clerk

No. 09-10676

DAVID L. KELLEMS,

Plaintiff - Appellee

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant

v.

JENNIFER L. FRY; MORGAN & WEISBROD, L.L.P., Law Firm,

Appellants

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this social security case, we are asked to decide whether a federal court may order an attorney to remit to his client an award of attorney's fees under the Equal Access to Justice Act (the "EAJA") as an offset against fees awarded to the attorney pursuant to 42 U.S.C. § 406(a) for work before the Social Security Administration. This appeal was stayed pending our decision in *Rice v. Astrue*, 609 F.3d 831 (5th Cir. 2010). There we held that federal courts do not have the discretion to offset an EAJA award of attorney's fees for work performed before

No. 09-10676

a court with a future award of attorney's fees by a federal agency pursuant to 42 U.S.C. § 406(a). *Id.* at 839. We now hold, in accordance with *Rice*, that a federal court may not order an award of attorney's fees for work performed before a federal agency pursuant to 42 U.S.C. § 406(a) to be offset by an award of attorney's fees for work performed before a federal court pursuant to the EAJA. We therefore vacate the order of the district court.

## I.

The instant dispute stems from proceedings that began before the Social Security Administration (the "SSA") in 1999. At that time, David Kellems ("Kellems") retained the law firm of Morgan & Weisbrod, L.L.P. ("M&W") to represent him before the SSA and in federal court after his initial claim for disability benefits was denied.[1] Kellems agreed to pay M&W the lesser of $4,000 or 25 percent of any past disability benefits received from the SSA or in federal court, and to endorse over to his attorneys any award of fees under the Equal Access to Justice Act ("EAJA"). M&W represented Kellems before the SSA from 1999 to 2002 and again in the appeal of the Social Security Commissioner's denial of Kellems's claim to disability benefits. That appeal resulted in an unopposed motion for a "sentence four" remand to the SSA, which was granted by the district court in 2003 pursuant to 42 U.S.C. § 405(g).[2]

The district court's remand made Kellems a "prevailing party" for purposes of the EAJA. *See Rice*, 609 F.3d at 833–34. The EAJA provides that a court may award attorney's fees to a prevailing party for work performed before a court in an appeal of an agency action where the position of the United States was not

---

[1] Appellant Jennifer L. Fry is a partner at M&W. For purposes of simplification, we refer to Appellants collectively as M&W.

[2] Sentence four of § 405(g) grants the district court the power to affirm, modify, or reverse a decision of the Commissioner of Social Security, "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

No. 09-10676

"substantially justified."   28 U.S.C. § 2412(d)(1)(A).   On October 6, 2003, the district court issued a corrected judgment awarding M&W $9,147.93 in fees and costs pursuant to this provision of the EAJA.

In May 2006, an Administrative Law Judge ("ALJ") of the SSA conducted a  rehearing of Kellems's claim and determined that Kellems was, in fact, disabled.  The ALJ awarded him $66,710.62 in past due benefits, withholding 25 percent for possible payment of fees to Kellems's attorneys.  On October 11, 2008, the ALJ authorized M&W to charge and collect $18,281.25 in additional fees out of Kellems's past-due benefits.  This authorization was made pursuant to 42 U.S.C. § 406(a), which governs the award of attorney's fees for work performed before the SSA.[3]

In March 2009, M&W filed a motion for additional attorney's fees pursuant to 42 U.S.C. § 406(b), which governs the award of attorney's fees for work performed before a court.  In response to that motion, the district court issued an Order of May 5, 2009, directing M&W to pay Kellems $9,147.93—that is, the amount "received by the attorneys on Kellems's behalf under the EAJA."  M&W timely appealed that ruling, and the appeal was stayed pending this Court's resolution of a similar case.

We review de novo the district court's legal conclusion that it had the authority to offset an award of attorney's fees under § 406(a) with an award of fees under the EAJA.  *See Rice*, 609 F.3d at 836 (citing, *inter alia*, *Squires-Allman v. Callahan*, 117 F.3d 918, 920 (5th Cir. 1997)).

## II.

In *Rice*, we were asked "whether an attorney may earn both a § 406(a) award of attorney's fees at the administrative level and an EAJA award of attorney's fees at the judicial level."  *Id.*  Like the instant appeal, *Rice* involved

---

[3] 42 U.S.C. § 406 codifies a portion of the Social Security Act.

No. 09-10676

an EAJA award of attorney's fees at the judicial level following a sentence four remand, and an award of attorney's fees at the administrative level pursuant to § 406(a). We emphasized that Congress made a clear choice in the Social Security Act: attorneys cannot double collect at the *judicial* level. *See id.* at 837–38. That is, an award of fees under § 406(b) must be offset by the amount of any award granted for the same work under the EAJA. The attorney must refund to the client the lesser amount of the two awards. *Id.* at 837. However, the same is not true when the two awards at issue are an EAJA award for work at the judicial level and a § 406(a) award for work at the administrative level. We explicitly held in *Rice* that a district court may not "offset an EAJA award of attorney's fees with a future 42 U.S.C. § 406(a) award of attorney's fees by the Commissioner of Social Security." *Id.* at 839.

In this case, the district court based its order to remit payment on the principle that all EAJA awards granted for work performed on a claim must offset the SSA fees awarded for work performed on the same claim. That principle did not survive our holding in *Rice*. In accordance with that decision, we now hold that the district court did not have the authority to order M&W to remit the EAJA award to Kellems as an offset to the fee award under § 406(a).

III.

We sum up: In *Rice*, we held that a federal court may not order a court's award of attorney's fees under the EAJA to be offset by an administrative agency's future award of attorney's fees pursuant to 42 U.S.C. § 406(a). Similarly, a federal court may not, as the district court has done here, order an agency's award of attorney's fees pursuant to 42 U.S.C. § 406(a) to be offset by a court's award of attorney's fees under the EAJA. We therefore vacate the order of the district court.[4]

---

[4] Appellants also ask us to rule upon whether the district court had jurisdiction to determine the amount of a fee for representation under 42 U.S.C. § 406(a), and whether the

No. 09-10676

VACATED.

---

district court properly ordered M&W to pay the filing fee for Kellems's civil action.  These issues are not properly before us in this appeal of the district court's Order of May 5, 2009 directing Fry to remit the $9,147.93 EAJA award to Kellems.