**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 15, 2011

Lyle W. Cayce
Clerk

Nos. 09-10902, 09-11093

McCLENON MURKELDOVE, JR.

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

GRALIN VINNING

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

JOANN BROWN

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

MARY ANN KENNAN-CROOM

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Nos. 09-10902, 09-11093

Defendant-Appellee

ELEANOR S. HOWARD

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:08-CV-172, 4:08-CV-059-A,
4:08-CV-155-A, 4:08-CV-324-A, 4:08-CV-522-A.

---

Before STEWART, PRADO, and ELROD, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Plaintiff-Appellant, McClenon Murkeldove, Jr., sought past-due benefits from the Social Security Commissioner, and his claim was denied. He subsequently appealed the decision to the district court. After the district court reversed the Social Security Commissioner's decision and remanded the case for further proceedings, Murkeldove applied for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A), a subsection of the Equal Access to Justice Act (EAJA). The district court denied his request. Murkeldove appealed the district court's judgment.

In unrelated cases, Plaintiffs-Appellants Gralin D. Vinning, JoAnn Brown, Mary Ann Keenan-Croom, and Eleanor S. Howard independently filed for past-due benefits from the Social Security Commissioner. Each of their claims were denied. They individually appealed the decisions, and their cases were heard by the same district court judge that decided Murkeldove's case. After the district

court reversed the Social Security Commissioner's decisions and remanded the cases for further proceedings, each party applied for an EAJA award of attorney's fees. Because the four cases raised common issues, the district court consolidated the cases for its review. The district court subsequently denied their requests. The parties appealed the district court's judgment.

The four cases consolidated by the district court were in turn consolidated by this court with *Murkeldove v. Astrue*, No. 4:08-CV-172, for briefing and oral argument purposes. At issue on appeal is whether the parties have "incurred" attorney's fees for purposes of the EAJA. Furthermore, in regard to Murkeldove only, even if he incurred EAJA attorney's fees, whether "special circumstances" would make an EAJA award unjust. The Commissioner and Plaintiffs agree that Plaintiffs are entitled to EAJA awards because they have incurred fees. They also agree that EAJA awards in such circumstances are essential for achieving the goals of the EAJA.

For the following reasons, we VACATE the district court's judgments and REMAND the cases for further proceedings consistent with this opinion.

## I.  BACKGROUND

### A.    Relevant Facts

This case involves five consolidated actions. In the first case, the district court reversed the decision of the Social Security Commissioner (hereinafter, Commissioner), denying McClenon Murkeldove's claims for disability insurance benefits, under Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423(d), and supplemental security income benefits, under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382, 1382c. The case was then remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), which permits judicial review of a final decision by the Commissioner and grants a court the ability to affirm, modify, or reverse the decision with or without remanding the benefits case for rehearing.

Subsequently, Murkeldove filed an application for attorney's fees and costs pursuant to the EAJA, which the Commissioner did not oppose. The district court denied the motion and explained that, "[t]he contingent fee contract between Murkeldove and his lawyers contemplates payment of a fee by Murkeldove only in the event his lawyers are successful in obtaining for him an award of Social Security benefits." The district court concluded that the contingency that would obligate Murkeldove to pay attorney's fees—an award of past-due benefits—had yet to occur. Thus, Murkeldove had yet to "incur" attorney's fees for purposes of the EAJA, which would entitle him to an award of fees. The district court further held that, even if it determined that Murkeldove was entitled to an EAJA award, "special circumstances" would make an award of attorney's fees unjust. Murkeldove appealed the district court's judgment to this court.

In four unrelated cases, the same district court that decided Murkeldove's case reversed the Commissioner's decisions in *Vinning v. Astrue*, No. 4:08-CV-059-A; *Brown v. Astrue*, No. 4:08-CV-155-A; *Kennan-Croom v. Astrue*, No. 4:08-CV-324-A; and *Howard v. Astrue*, No. 4:08-CV-522-A (collectively, *Vinning v. Astrue*). The district court remanded each case back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Shortly after, the parties in each of those cases (collectively, the *Vinning* Plaintiffs or Plaintiffs) filed individual motions for attorney's fees pursuant to the EAJA. As with Murkeldove, the Commissioner did not oppose the Plaintiffs' requests for fees. Because the Plaintiffs' motions raised common issues, the district court consolidated the requests for fees pursuant to Federal Rule of Civil Procedure 42. After reviewing the Plaintiffs' contingency-fee agreements, which were identical because the parties shared the same counsel, the district court concluded that the agreements did not obligate them to pay attorney's fees unless they won their benefits cases on remand. Because they

4

had yet to receive a final determination on their benefits cases, the district court held that they had not "incurred" attorney's fees for purposes of the EAJA and denied their motions for fees. The Plaintiffs appealed the district court's judgment.

After Murkeldove and the *Vinning* Plaintiffs filed their notices of appeal, they jointly filed an unopposed motion to consolidate their cases in this court for purposes of briefing and oral argument pursuant to Federal Rule of Appellate Procedure 3. This court granted the motion. On appeal, the Commissioner agrees with Murkeldove and the *Vinning* Plaintiffs that the district court erred and supports their requests for fees.

## B. Statutory Scheme

Provisions in two statutes—the Social Security Act, 42 U.S.C. § 406, and the Equal Access to Justice Act, 28 U.S.C. § 2412—govern the award of attorney's fees in Social Security actions. Case law on this issue continues to clarify what is otherwise a complex statutory scheme. Because this case centers on our application of these statutory provisions, we preface our analysis with a brief discussion of each.

### 1. The Social Security Act

Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action. Section 406(a) allows an attorney to receive fees "[f]or representation of a benefits claimant at the administrative level." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (citing 42 U.S.C. § 406(a) and explaining that after a petition for fees has been filed, the Commissioner may allow reasonable fees "for services performed in connection with any claim before" it). These fees may be awarded even if the benefits claimant is unsuccessful. 20 CFR § 404.1725(b)(2) ("We may authorize a fee even if no benefits are payable."). "As an alternative to fee petitions, the Social

Security Act . . . accommodates contingent-fee agreements filed with the agency in advance of a ruling on a claim for benefits." *Gisbrecht*, 535 U.S. at 795. If the Commissioner awards the claimant benefits, the Commissioner will approve the agreement, "if the fee specified in the agreement does not exceed the lesser of": (1) "25 percent of the total amount of . . . past-due benefits" or (2) $4,000. §§ 406(a)(2)(A)(ii), (iii). Pursuant to section 406(a), it is a crime for an attorney "to charge or collect any fee in excess of the maximum fee, prescribed by the" Commissioner. *Id.* § 406(a)(5).

Similarly, section 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation

42 U.S.C. § 406(b)(1)(A). Attorneys often obtain these fees from their clients pursuant to a contingency-fee agreement. *Gisbrecht*, 535 U.S. at 800 (explaining that "contingent-fee contracts . . . are the most common fee arrangement between attorneys and Social Security claimants."). An award pursuant to section 406(b) not only must be reasonable, but also, like a section 406(a) award, is limited to 25% of the claimant's award of past-due benefits. *Id.* Section 406(b) further states: "Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court . . . shall be guilty of a misdemeanor." *Id.* § 406(b)(1)(A)(2).

If a party receives an award pursuant to section 406(a) for administrative work and section 406(b) for work before a court, the aggregate of the fees cannot exceed 25% of past-due benefits. *Rice v. Astrue*, 609 F.3d 831, 838 n.29 (5th Cir.

2010) (citing *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)).[1]  Although the language of the Social Security Act indicates that section 406(a) and section 406(b) are the only means by which a Social Security benefits claimant may obtain an award of attorney's fees, a claimant can also seek fees pursuant to the EAJA for work by the claimant's attorney in court.

## 2.   The EAJA

In 1980, Congress enacted the EAJA.  *Gisbrecht*, 535 U.S. at 795.  The EAJA provides that "a court shall award to a prevailing party[2] other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action."  28 U.S.C. § 2412(d)(1)(A).  The EAJA further provides that, even if a court determines that a "prevailing party" is entitled to attorney's fees, the court can decide not to award attorney's fees if it "finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  And, unlike an award pursuant to

[1] There is currently a Circuit split on the issue of whether the Social Security Act, pursuant to the cap articulated in section 406(b), limits the combined total of attorney's fees awarded under section 406(a) and section 406(b) to 25% of past-due benefits.  *See Clark v. Astrue*, 529 F.3d 1211, 1214–15 (9th Cir. 2008) (collecting cases).  However, it is well-established in this Circuit that there is such a limitation.  *See Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir. 1970) (explaining that the cap articulated in section 406(b) has two aims: "First, to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary.  And, second, to insure that the old age benefits for retirees and disability benefits for the disabled, which are usually the claimant's sole means of support, are not diluted by a deduction of an attorney's fee of one-third or one-half of the benefits received.").

[2] On June 16, 2010, Judge John McBryde, presiding judge over the underlying litigation, submitted a letter to this court, calling to its attention the Supreme Court's recent decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).  Judge McBryde explained that Ratliff is relevant to four cases that, at the time, were all pending in this court, including *Murkeldove v. Astrue* and *Vinning v. Astrue.*  We have reviewed *Ratliff*, and it does not address the issues raised by the district court's judgment.  In *Ratliff*, the Court interpreted the phrase "prevailing party" in the EAJA and whether an attorney or the attorney's client is entitled to receive fees pursuant to this provision.  *Ratliff*, 130 S.Ct. at 2525.  The Court held that an attorney's client is the recipient of an EAJA award.  *Id*. at 2526.

sections 406(a) and 406(b), an EAJA award is not limited to a particular amount. The Supreme Court explained: "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's 'hourly rate,' § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." *Gisbrecht*, 535 U.S. at 796. Furthermore, as previously noted, an award of fees pursuant to section 406(a) and section 406(b) is taken out of a claimant's past-due benefits. However, an EAJA fee award comes directly from the government agency involved in the suit. *See* Ann C. Chalstrom, Comment, *Collecting Attorney's Fees in Social Security Disputes: Procedures, Analysis, and Retroactive Application of Equal Access to Justice Timing Requirement*, 5 ELDER L. J. 117, 124 (1997).

As previously noted, section 406(b) purports to establish the exclusive method for paying an attorney who represents a Social Security claimant in federal court and makes it a crime for an attorney to obtain an amount "in excess of that allowed by the court." 42 U.S.C. § 406(b)(1)(A)(2). Thus, the EAJA on its face is at odds with the Social Security Act, and for many years, attorneys would not seek an EAJA award in the Social Security context. *See Rice*, 609 F.3d at 835–36. To reconcile the discord between section 406(b) and the EAJA, Congress amended the EAJA in 1985. The amendment, commonly referred to as the "Savings Clause," provides that an award of fees pursuant to section 406(b) "shall not prevent an award of fees" under the EAJA. Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985). The Savings Clause further provides that the Social Security Act's criminal prohibition on charging, demanding, receiving, or collecting fees in excess of those allowed under section 406(b) shall not apply to EAJA awards provided that, if the attorney receives fees under both section 406(b) and the EAJA, the attorney will return the smaller amount to the claimant. *Id.*

Against this statutory framework, we review the district court's judgments denying Murkeldove and the *Vinning* Plaintiffs' requests for fees.

## II.  DISCUSSION

### A.    Standard of Review

We review a district court's decision to grant or deny a party's request for attorney's fees pursuant to the EAJA for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 570 (1988).  We noted in *Houston Agricultural Credit Corp. v. United States* that the abuse of discretion standard under the EAJA requires the court to conduct "a highly deferential review of district courts' tentative findings of fact," but to closely scrutinize "the district courts' rulings on questions of law."   736 F.2d 233, 235 (5th Cir. 1984) (citing *Spencer v. N.L.R.B.*, 712 F.2d 539, 565 (D.C. Cir. 1983) (citations and internal quotation marks omitted).   Because the district court's determination turns on its interpretation of the EAJA and statutory interpretations are conclusions of law, we review the district court's interpretation *de novo.  See Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002).  However, we do so with the understanding that the "EAJA is a partial waiver of sovereign immunity, and it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted).

### B.    Analysis

### 1.    Murkeldove and the *Vinning* Plaintiffs "incurred" attorney's fees as contemplated by the EAJA.

In order to receive an award of attorney's fees pursuant to the EAJA: (1) the claimant must be a "prevailing party," (2) the claimant must "incur" attorney's fees, (3) the government's position must not have been "substantially justified," and (4) "special circumstances" cannot render an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A).  The district court acknowledged that Murkeldove and each of the *Vinning* Plaintiffs is a "prevailing party" for purposes of the EAJA, and whether the Government's position was "substantially justified" is uncontested.  The primary issue in this case is whether Murkeldove and the

*Vinning* Plaintiffs incurred fees as contemplated by the EAJA.  Here, the parties entered into contingency-fee agreements with their attorneys for the payment of an EAJA award.  Thus, as a threshold matter, we must determine whether contingency-fee agreements are allowed under the EAJA.  The Commissioner and Plaintiffs agree that Plaintiffs have incurred fees, and our analysis in *United States v. Claro*, 579 F.3d 452 (5th Cir. 2009), supports this determination.

The plaintiff in *Claro* sought attorney's fees and expenses pursuant to the Hyde Amendment, which incorporates the requirements articulated in section 2412 of the EAJA for determining whether a party is entitled to fees.  *Id.* at 456.  Accordingly, in *Claro*, we discussed at length when a party has "incurred" fees for purposes of the EAJA.  *Id.*  Because the EAJA does not provide a definition of the term "incurred," we examined the term's ordinary meaning.  579 F.3d at 464.  After examining the definition of "incurred" in Webster's Dictionary—"to become liable or subject to," or to "bring down upon oneself"—and Black's Law Dictionary—"to suffer to bring on oneself a liability or expense," *id.* at 456 (citations and brackets omitted), we concluded that the general rule is that fees are incurred "when the litigant has a legal obligation to pay them."  *Id.* at 464–65 (citing *Sec. Exch. Comm'n v. Comserv Corp.*, 908 F.2d 1407, 1414–15 (8th Cir. 1990) (holding that, under the EAJA, a litigant did not "incur" fees when his former employer agreed to pay his legal fees and expenses); *United States v. Paisley*, 957 F.2d 1161, 1164 (4th Cir. 1992) (holding that, under the EAJA, a prevailing party with an unconditional right to be indemnified for his legal expenses by a solvent third party had not "incurred" attorney's fees); *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1583 (Fed. Cir. 1991) (holding that "incurred," withing the meaning of the EAJA, requires an express or implied arrangement that the fee will be paid over to a legal representative)).  Against this framework, we examined cases interpreting the EAJA and concluded that

"attorney's fees have been granted under the EAJA in the following broad circumstances":

> (1) under the general [situation], in which the litigant actually incurs the legal obligation to pay the fees;
>
> (2) in situations in which an indigent litigant is represented pro bono; or
>
> (3) in a limited amount of residual situations in which policy dictates allowing fees to further the goals of the EAJA.

*Claro*, 579 F.3d at 466.

In regard to the first category of cases, one of the issues inherently raised by the Hyde Amendment analysis in *Claro* was whether a party can incur fees as contemplated by the EAJA for work done pursuant to a contingency-fee agreement. *Id.* at 457.  In holding that "contingent-fee agreements are allowed under the Hyde Amendment," this court acknowledged that parties can "incur" attorney's fees pursuant to contingency-fee agreements for purposes of the EAJA.  *Id.* at 462.  This rule is not unique to Fifth Circuit jurisprudence.  The Federal Circuit has also recognized that a party can incur fees as contemplated in the EAJA pursuant to a contingency-fee agreement.  *See Phillips*, 924 F.2d at 1583 (upholding an award of EAJA fees to a client whose contract with her attorney provided that she would be personally liable for $2,500, with any additional attorney's fees to be contingent upon the success of her appeal and subsequent EAJA application).

Courts have also interpreted "incurred" in similar fee-shifting statutes to mean that a party has a legal obligation to pay fees pursuant to a contingency-fee agreement.  *See, e.g., Preseault v. United States*, 52 Fed. Cl. 667, 675 (2002) (citing *Osprey Pac. Corp. v. United States*, 42 Fed. Cl. 740, 742 (1999) (obligations under contingency-fee agreements are "actually incurred" under the

Uniform Real Property Acquisition Policy, 42 U.S.C.A. § 4654)); *Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487–88 (9th Cir. 1995) (holding that "by choosing the words 'any actual expenses, including attorney's fees, incurred' Congress did not intend to remove the discretion of the district court to award fees in [cases], such as contingent fee or pro bono cases, where the client has not actually 'incurred' the obligation to pay her attorneys' fees"). Accordingly, we reaffirm our holding in *Claro* that a party can incur fees as contemplated by the EAJA for work done pursuant to a contingency-fee agreement.

Here, Murkeldove and the *Vinning* Plaintiffs have incurred fees because they have a legal obligation to pay their attorneys fees pursuant to contingency-fee agreements. Specifically, there are two fee agreements at issue in this case, Murkeldove's agreement and the *Vinning* Plaintiffs' fee agreements. Each of these agreements contain two contingency provisions, a provision regarding fees owed in the event that the claimants win their benefits cases and a provision regarding fees owed in the event EAJA fees are awarded. Relevant to this discussion, Murkeldove's EAJA provision states that:

> If my case is appealed to Federal Court, and if the Court orders the Social Security Administration to pay attorney fees under the Equal Access to Justice Act, such fees shall belong to my attorneys to the extent permitted by law, and I authorize that any such fees be paid directly to my attorney.

Similarly, the *Vinning* Plaintiffs' agreements read as follows:

> If a federal court rules in my favor, [my attorney] will ask the Court to order SSA to pay an attorney fee under the Equal Access to Justice Act ("EAJA"). If the Court orders SSA to make payment under the EAJA, I assign to Ms. Dunlap all attorney fees, costs, and expenses awarded to me.

Even if we determined that the *Vinning* Plaintiffs and Murkeldove did not have a legal obligation to pay fees pursuant to these agreements, well-established

rules of statutory construction and policy considerations dictate that they should be awarded attorney's fees.

We recognize that the EAJA must be strictly construed in the Government's favor. *Tex. Food Indus. Ass'n*, 81 F.3d at 580. However, the Supreme Court has explained that courts should enforce statutory language *unless* the "disposition required by the text is [] absurd." *Hartford Underwriters Ins. Co. v. Union Planters Bank*, 530 U.S. 1, 6 (2000). Additionally, our analysis in *Claro* mandates that we take policy into account when interpreting the EAJA. 579 F.3d at 466 ("[W]hen policy reasons lend themselves to such a result, fee awards have been granted even when a litigant is [not] legally obligated to pay the attorney's fees."). For the following reasons, we conclude, to the extent that it prohibits contingency-fee agreements in the context of the EAJA, the district court's interpretation of "incurred" significantly frustrates the purpose of the EAJA. Thus, we cannot endorse this interpretation.

To begin, even if one believes that the plain meaning of "incurred" supports the district court's interpretation, this result cuts against that view on statutory-interpretation grounds. *See Hartford Underwriters Ins. Co.*, 530 U.S. at 6. After the district court invalidated the parties' EAJA contingency-fee provisions, it determined that the *Vinning* Plaintiffs and Murkeldove could not "incur" fees pursuant to the other contingency-fee provision in their fee agreements—payment of attorney's fees was contingent on whether they won their benefits cases. The district court concluded that, because a determination had yet to be made in regard to their benefits, the contingency that would give rise to an obligation to pay fees had yet to occur. The district court's interpretation would mean, as a practical matter, that if a party has a contingency-fee agreement, the party will only be entitled to an EAJA award if a federal court awards benefits.

13

Sentence four of 42 U.S.C. § 405(g) states that a court has "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Put differently, after a party appeals the Commissioner's denial of benefits, the district court can, among other things, award benefits or remand the case back to the Commissioner for further proceedings. After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). A court's judgment remanding the case to the agency under sentence four of 42 U.S.C. § 405(g) is such a judgment. *See Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993). The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). "In suits to which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a [Federal Rule of Civil Procedure] 58 judgment." *Freeman*, 2 F.3d at 554. Thus, a party has 30 days after this sixty-day time period to seek an EAJA award of fees. *Id.* After the thirty-day time period, an EAJA award is no longer available. *Briseno v. Ashcroft*, 291 F.3d 377, 379–80 (5th Cir. 2002) (explaining that, after the thirty-day time period, a federal court lacks subject matter jurisdiction to grant an EAJA award).

If a case is remanded, it is highly unlikely that the post-remand proceedings will be completed within the thirty-day time period for seeking an EAJA award. This is problematic because district courts only award benefits in approximately five percent of social security cases; thus, under the district court's interpretation, an EAJA award will be foreclosed to the 45% of parties whose cases are remanded. SOCIAL SECURITY ADVISORY BOARD, DISABILITY DECISION MAKING: DATA AND MATERIALS 91 (2006). Therefore, only 618 parties of the 12,360 parties that appeal the Commissioner's decision will have the

opportunity to offset their litigation costs with an EAJA award. *Id.* This is not only the type of result that the rules of statutory construction discourage, but also significantly frustrates the purpose and efficacy of the EAJA. *See Kornman & Assocs., Inc. v. United States.*, 527 F.3d 443, 451 (5th Cir. 2008) ("We are authorized to deviate from the literal language of a statute only if the plain language would lead to absurd results, or if such an interpretation would defeat the intent of Congress.") (citing *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004)).

In *Claro*, we explained that the EAJA aims to (1) "eliminate financial disincentives for people who would defend against unjustified governmental action and thereby to deter unreasonable exercise of Government authority" and (2) "diminish the deterrent effect of seeking review of, or defending against, governmental action." *Id.* at 466 (citations and internal quotation marks omitted). In other words, the purpose of the EAJA is "to eliminate for the average person the financial disincentive to challenge unreasonable government actions." *Richard v. Hinson,* 70 F.3d 415, 417 (5th Cir. 1995) (citing *INS v. Jean*, 496 U.S. 154, 163 (1990)). Here, the district court's interpretation has the opposite effect. It gives fewer parties the opportunity to offset the costs of their litigation with an EAJA award. Therefore, the average person may not have a realistic opportunity to respond to the Government's unjustified denial of their benefits, forcing parties to endure injustice rather than contest it.

The district court's interpretation also weakens courts' ability to deter unjustified government action. When the Commissioner fails to properly adjudicate Social-Security claims, these actions impose a significant burden on those dependent on Social-Security benefits, by *inter alia,* prolonging uncertainty during periods of financial desperation and depriving those with disabilities of the financial means to support themselves and their families. Remand pursuant to sentence four of § 405(g) (hereinafter sentence-four remand) deters such unjustified actions. Sentence-four remands give a

reviewing court the authority to remand a benefits case if it determines that the Commissioner incorrectly applied the relevant law or made improper findings of fact. *See Rice*, 609 F.3d at 833–34; *see also Jackson v. Chater*, 99 F.3d 1086, 1089–92, 1095, 1098 (11th Cir. 1996) ("To remand under . . . sentence four, the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner . . . incorrectly applied the law relevant to the disability claim."); *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994) ("[S]entence four of § 405(g) contemplates . . . a remand after a final decision by the district court reversing the denial of benefits by the Secretary in order to correct an error by the Secretary in applying the regulations even if the rehearing to correct the error requires the taking of additional evidence."). If parties with limited means are unable to challenge misapplications of the law and improper findings of fact, these unjustified governmental actions will go uncorrected, and the Government will have little incentive to properly adjudicate benefits cases.

Here, the Commissioner and Plaintiffs stress that awarding EAJA awards for such sentence-four remands not only furthers the goals of the EAJA, but are essential for achieving those goals. We agree. If we were to endorse the district court's interpretation and hold that contingency-fee agreements are an invalid means to "incur" fees pursuant to the EAJA, this would have the effect of restricting rather than expanding access to courts. *Richard,* 70 F.3d at 417. We decline to create this precedent.

The district court determined that the parties did not incur fees pursuant to their contingency-fee agreements because, the district court reasoned, the agreements violate the Assignment of Claims Act (hereinafter the Act), 31 U.S.C. § 3727, which governs the "transfer or assignment of any part of a claim against the United States Government," *id.* § 3727(a)(1). This determination was in error. The Act provides, in relevant part, that the assignment of a claim may be

made "after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." *Id.* § 3727(b). In effect, the Act serves as a defense that the Government can raise against a claim and not, as the district court's analysis indicates, an *ex ante* bar to forming a contingency-fee agreement. *See, e.g., United States v. Transocean Air Lines, Inc.*, 386 F.2d 79, 82 (5th Cir. 1968) (holding that counsel's claim against the Government, pursuant to a contingency-fee agreement, was invalid because it was in violation of the Anti-Assignment Act, 31 U.S.C. § 203, predecessor to the Assignment of Claims Act); *see also Applegate v. United States,* 35 Fed. Cl. 406 (1996) ("In effect . . . the Act precludes 'successors-in-interest to individuals who would have been valid plaintiffs' from bringing compensation claims for takings, unless a valid, not voluntary, assignment under the Act occurred."). The *Vinning* Plaintiffs' and Murkeldove's agreements are not in violation of the Act.

Thus, for the foregoing reasons, we conclude that they have incurred fees as contemplated by the EAJA.

### 2. Special Circumstances do not make an award of EAJA attorney's fees to Murkeldove unjust.

Under the EAJA, a prevailing party is entitled to attorney's fees incurred for representation at court. Even so, the court may deny a request for fees if "special circumstances" render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Pursuant to the "special circumstances" exception, the district court determined that, even if it were to grant Murkeldove an award of EAJA attorney's fees, such an award would be unjust. Thus, our analysis of the district court's determination necessitates a brief discussion of what is meant by the phrase "special circumstances" as contemplated in the EAJA. As we noted more than 20 years ago: "There is a dearth of case law interpreting the 'special circumstances' exception of the EAJA." *State of La. ex. rel. Guste v. Lee*, 853 F.2d 1219, 1224 (5th Cir. 1988) (citing James B. Nobile, Comment, *Determining Fees*

*for Fees Under the Equal Access to Justice Act: Accomplishing the Act's Goals*, 9 CARDOZO L. REV. 1091, 1099 n.37 (1988)).  This remains true today.  However, in *Lee*, we discussed the meaning of "special circumstances" as contemplated in the EAJA.

We explained that the "special circumstance" provision has two purposes: (1) it acts as a "safety valve . . . to insure that the government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts" and (2) "it gives courts discretion to deny awards where equitable considerations dictate an award should not be made."  *Lee*, 853 F.2d at 1224.  Relevant to the case at bar, we interpreted the second purpose to mean that a district court should examine the totality of the circumstances to determine on a case-by-case basis whether "equitable considerations" exist.  *See id.*  The second purpose seems to underlie the district court's determination.  Thus, the district court correctly examined the totality of the circumstances to determine if awarding Murkeldove attorney's fees would be unjust.  However, the reasoning underlying the district court's analysis runs afoul of our recent decision in *Rice v. Astrue,* 609 F.3d 831 (5th Cir. 2010).

Following Murkeldove's request for an EAJA award, the district court ordered his attorneys to file a document explaining what they planned to do with the fee award if granted.  The district court took issue with statements made in the attorneys' reply that an EAJA award will not impact the amount of fees Murkeldove owed his attorneys, unless he received a section 406(b) award for work conducted at the district court.  Because the district court denied Murkeldove's request for a section 406(b) award in a previous order, it took these statements to mean that an EAJA award would allow Murkeldove's attorney to collect more fees than Murkeldove was obligated to pay pursuant to their contingency-fee agreement—"25% of total past-due benefits awarded."  In other

words, the district court apparently reasoned that, on remand, Murkeldove's attorneys could collect fees pursuant to section 406(a) for work done at the administrative level, which could total up to 25% of Murkeldove's past-due benefits. And, if granted, his attorneys could also receive an EAJA award for work done in the district court. Thus, the total amount of fees Murkeldove pays his attorneys, the court explained, could exceed the percentage of past-due benefits that Murkeldove contracted to pay them. This, the district court held, constituted special circumstances that rendered an EAJA award unjust. We find the district court's holding problematic for several reasons.

To begin, Murkeldove's fee agreement permitted his attorneys to collect more than 25% of his past-due benefits. As previously noted, there are two provisions in Murkeldove's contingency-fee agreement regarding the payment of fees—a provision regarding fees owed in the event that he won his benefits case and a provision regarding fees owed in the event EAJA fees are awarded. Thus, the amount of attorney's fees Murkeldove was obligated to pay exceeded "25% of the total past-due benefits awarded." The agreement also stated: "if the Court orders the Social Security Administration to pay attorney fees under the Equal Access to Justice Act, such fees shall belong to my attorneys to the extent permitted by law." Therefore, awarding Murkeldove an EAJA award does not contradict his fee agreement with his attorneys.

This result is also permitted under the law. In *Rice v. Astrue*, we clarified the limitations on fees, if any, on a Social Security claimant's receipt of two fee awards. Specifically, we discussed scenarios in which a claimant receives: (1) a section 406(a) and section 406(b) award, (2) a section 406(b) and an EAJA award, and (3) a section 406(a) and an EAJA award. First, we explained that, if a party receives an award pursuant to section 406(a) for administrative work and section 406(b) for work before a court, the aggregate of the fees cannot exceed 25% of past-due benefits. *Rice*, 609 F.3d at 838 n.29 (citing *Dawson*, 425 F.2d

at 1195.)). We further noted that, pursuant to the Supreme Court's decision in *Gisbrecht*, if a party receives attorney's fees pursuant to section 406(b) and an EAJA award, the Savings Clause[3] requires the attorney to refund to the claimant the amount of the smaller fee. *Id.* at 836 (citing *Gisbrecht*, 535 U.S. at 789 (quoting the Savings Clause, Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985)) (internal quotation marks omitted). Finally, we agreed with the fee claimant in *Rice* that: "Because judicial and administrative reviews are separate, . . . an EAJA award for judicial work cannot mix with § 406(a) fees for administrative work." *Id.* at 837. We explained, in sum, that if a party receives attorney's fees pursuant to section 406(a) and an EAJA award, the total of the award is not limited to 25% of a claimant's past-due benefits. *Id.* The only limitation is that the section 406(a) award does not exceed 25% of past-due benefits, *id.*, and the EAJA award is calculated pursuant to the mandates in the statute. *See Gisbrecht*, 535 U.S. at 796 (explaining that "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate").

Thus, pursuant to Murkeldove's fee agreement and the law, it is permissible for his attorneys to collect fees pursuant to section 406(a) and the EAJA totaling more than 25% of his past-due benefits. To this end, in light of

---

[3] Specifically, the Savings Clause explains that an award of fees pursuant to section 406 (b)

> . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, [section 406(b)] shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both [section 406(b)] and section 2412(d). . . the claimant's attorney refunds to the claimant the amount of the smaller fee.

Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985).

our decision in *Rice*, Murkeldove's attorneys were correct—an EAJA award will only impact Murkeldove's obligation to pay fees if he also receives a section 406(b) award. As explained above, if Murkeldove's attorneys were to receive both an EAJA award and a section 406(b) award, they would merely be required to return the smaller of the two fees. Thus, the district court's determination that special circumstances would make an EAJA award unjust was a legal error and, as such, was an abuse of discretion. *See, e.g., Russell v. Nat'l Mediation Bd.*, 775 F.2d 1284, 1290 (5th Cir. 1985) (noting in the context of reversing a district court's finding of special circumstances under EAJA for abuse of discretion that "[b]ecause our concern here is with the district court's legal argument, we employ a *de novo* standard of review").

## III.  CONCLUSION

For the foregoing reasons, we VACATE the district court's judgments and REMAND the cases for further proceedings consistent with this opinion.