*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0154p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

JOHN C. TURNER; PAMELA CAMPBELL; RITA
ANN CORNS,

           *Plaintiffs-Appellants,*

WOLODYMYR IWAN CYBRIWSKY,

           *Attorney-Appellant*,

     *v.*

COMMISSIONER OF SOCIAL SECURITY,

           *Defendant-Appellee.*

Nos. 11-5012/5681/6033

_____

Appeals from the United States District Court
for the Eastern District of Kentucky at London and Lexington.
No. 6:08-cv-391—Amul R. Thapar, District Judge; No. 5:10-cv-202—David L.
Bunning, District Judge; No. 5:10-cv-415—Joseph M. Hood, District Judge.

Decided and Filed: May 25, 2012

Before: COLE and McKEAGUE, Circuit Judges; ZATKOFF, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Wolodymyr Cybriwsky, Prestonsburg, Kentucky, James Roy Williams, Cincinnati, Ohio, for Appellants. Michael E. Robinson, William Kanter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Jerome Albanese, Mary Ann Sloan, Dennis R. Williams, Douglas G. Wilson, Holly A. Grimes, Brian Seinberg, Steven A. Collins, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, John S. Osborn III, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky for Appellee.

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

---

**OPINION**

---

COLE, Circuit Judge. Plaintiffs-Appellants John Turner, Pamela Campbell, Rita Corns, and Attorney-Appellant Wolodymyr Iwan Cybriwsky, were denied their requests for attorney's fee awards under the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412 *et seq*. On appeal, we have consolidated these cases for review. We REVERSE the judgments of the district courts and REMAND for further proceedings consistent with this opinion.

## I. BACKGROUND

Cybriwsky served as Turner's attorney in an action to obtain social security disability benefits. The representation agreement between Cybriwsky and Turner expressly relieved Turner of the obligation to pay Cybriwsky if they "d[id] not win the case," but assigned to Cybriwsky any fees that the court may award Turner under the EAJA. After holding a hearing, the Commissioner denied Turner's benefits request. Turner appealed this denial to the district court, which reversed the Commissioner's decision and remanded the case for further proceedings, pursuant to the "fourth sentence" of 42 U.S.C. § 405(g). Thereafter, Turner filed a motion for attorney's fees pursuant to the EAJA.

The district court denied this motion. *Turner v. Astrue*, 764 F. Supp. 2d 864 (E.D. Ky. 2010). The court reasoned that, due to sovereign immunity considerations, it could award EAJA fees only under circumstances clearly and unambiguously expressed in the statutory text—that is, only where a plaintiff had clearly and unambiguously "incurred" attorney's fees. *Id.* at 868-69. Upon analyzing precedent from several circuits, the district court determined that "a claimant 'incurs' attorney's fees, as that term is used in the EAJA, when he has either paid them or has a 'legal obligation to pay them.'" *Id.* at 870 (quoting *Murkeldove v. Astrue*, 635 F. Supp. 2d 564, 573 (N.D. Tex. 2009), *vacated by* 635 F.3d 784 (5th Cir. 2011)) (alterations removed). The court found

this definition consistent with the history and purposes of the EAJA and reasoned that, if claimants could receive fee awards without first incurring legal debt, those who never received a benefits award could simply pocket the EAJA fee award, creating a "substantial, and substantially unjustified, windfall." *Id.* at 878. The court interpreted Turner's representation agreement to require him to pay Cybriwsky only if Turner received a benefits award, and found the provision assigning EAJA fees to Cybriwsky void under the Anti-Assignment Act ("AAA"), 31 U.S.C. § 3727 (2012). *Turner*, 764 F. Supp. 2d at 878-79. Because it had remanded the case without awarding benefits, the court held that Turner did not incur attorney's fees. *Id.* at 871. Turner and Cybriwky filed this appeal.

In unrelated cases, Campbell and Corns each secured contingency-fee counsel and independently filed for past-due benefits from the Commissioner, who likewise denied each of their claims. They appealed these decisions. After the district courts reversed the Commissioner's decisions and remanded the cases pursuant to the fourth sentence of 42 U.S.C. § 405(g), each Plaintiff applied for an EAJA fee award. The district courts subsequently denied their requests, relying on *Turner* to find that the Plaintiffs had not "incurred" attorney's fees under the EAJA. Campbell further requested reimbursement for costs, which the district court also denied. Campbell and Corns appealed. These cases are consolidated on appeal.

## II. ANALYSIS

### A. *The Statutory Framework*

A claimant whose request for social security benefits is denied after an administrative hearing may appeal this decision to the district court, pursuant to 42 U.S.C. § 405(g). The fourth sentence of § 405(g) gives the district court the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," known as a "sentence-four remand." On sentence-four remand, the administrative law judge retains the discretion to grant or deny a benefits award. *Shalala v. Shaefer*, 509 U.S. 292, 304 (1993) (Stevens, J., dissenting).

A sentence-four remand makes the plaintiff a "prevailing party" under the EAJA, *see Shalala*, 509 U.S. at 300, entitling the plaintiff to "fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party . . . ." 28 U.S.C. § 2412(d)(1)(A).  EAJA fees are awarded in excess of the benefits due, as opposed to being deducted from the claimant's benefits award.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002).  Because the "EAJA renders the United States liable for attorney's fees for which it would otherwise not be liable," it "amounts to a partial waiver of sovereign immunity."  *Scarborough v. Principi*, 541 U.S. 401, 420 (2004) (quoting *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991)).  Fees are paid directly to the claimant, *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449 (6th Cir. 2009), unless the claimant preemptively assigns the fee award to counsel.

## B.  Plaintiffs Have "Incurred" Fees Under the EAJA

We review the district court's interpretation of the EAJA de novo.  *See Bryant*, 578 F.3d at 445.  Case law from multiple circuits establishes that the plain meaning of "incurred" does not require the plaintiff to have paid counsel or to have a legal obligation to pay counsel.  Interpreting the EAJA, the Fifth Circuit recently held that a plaintiff's contractual obligation to pay over fees to his counsel satisfied the requirement to "incur" EAJA fees upon a sentence-four remand.  *See Murkeldove v. Astrue*, 635 F.3d 784, 791 (5th Cir. 2011).  The Federal, Eighth, and Ninth Circuits likewise have determined that the EAJA and other statutes awarding "incurred" fees turn on the claimant's obligation to pay over any fee award to his attorney, and not on the existence of personal legal debt.  *See Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487-88 (9th Cir. 1995) (awarding "incurred" fees upon remand to state court, without any award of damages, where plaintiff was represented under a contingency fee agreement); *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1583-84 (Fed. Cir. 1991) (per curiam) (awarding "incurred" fees where plaintiff was obliged to pay over any fee award to her attorney, regardless of the plaintiff's extant debt to her attorney); *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir. 1984) (awarding EAJA fees "incurred" by pro bono counsel).

Indeed, it is "well-settled" that the existence of an unsatisfied contingency or pro bono representation agreement does not preclude a fee award, even where the statute limits fees to those "incurred" by the plaintiff in that action. *See Ed A. Wilson, Inc. v. Gen. Serv. Admin.*, 126 F.3d 1406, 1409 (Fed. Cir. 1997) ("It is well-settled that an award of attorney fees is not necessarily contingent upon an obligation to pay counsel."); *Watford v. Heckler*, 765 F.2d 1562, 1567 n.6 (11th Cir. 1985) ("[I]t is well-settled that . . . plaintiffs who are represented without charge are not generally precluded from an award of attorneys' fees under the EAJA."). This uniformity in precedent creates the clear and unambiguous meaning of "incurred" necessary to find a waiver of sovereign immunity that includes contingency-fee actions. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580-81 (2008) (case law interpreting attorney's fee provision of 42 U.S.C. § 1988, which does not implicate sovereign immunity, sufficient to create unambiguous meaning of the EAJA attorney's fee provision); *Pierce v. Underwood*, 487 U.S. 552, 564-66 (1988) (case law interpreting term "substantially justified" in statutes not involving sovereign immunity sufficient to create unambiguous meaning of "substantially justified" in the EAJA).

Allowing fee awards for sentence-four remands also furthers the EAJA's purpose of "eliminat[ing] for the average person the financial disincentive to challenge unreasonable governmental actions" through fee-shifting. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990). Ninety percent of favorable district court judgments in favor of claimants—some 5,500 cases per year—are remand orders, not benefits awards. Social Security Advisory Board, Disability Decision Making: Data and Materials 91 (2006). Interpreting the EAJA to require a benefits award as a pre-condition for awarding fees to contingency-fee attorneys would prevent these attorneys from receiving EAJA fee awards except in the "highly unlikely" case that the agency awarded fees on remand within the time-frame for filing a motion for an EAJA fee award. *See Murkeldove*, 635 F.3d at 793. Because "the marketplace for Social Security representation operates largely on a contingency fee basis," *Gisbrecht*, 535 U.S. at 804, such an interpretation would effectively preclude EAJA fee awards for work at the district-court level, and "the financial deterrent that the EAJA aims to eliminate would

be resurrected," *Jean*, 496 U.S. at 164. By contrast, permitting fee awards upon sentence-four remands supports claimants who validly protest government error during their original administrative hearing.

Contrary to the conclusion of the *Turner* court, our interpretation of "incurred" does not create a windfall for litigants. First, the requirement that a litigant have a legal obligation to *pay over* any fee award to his attorney prevents litigants from pocketing these awards, because litigants with no obligation to pay over fees do not "incur" them. Litigants may retain fee awards only if the assignment provision becomes void, usually because the government requests that the court void the provision under the AAA. *See Murkeldove*, 635 F.3d at 794 ("[The AAA] serves as a defense that the Government can raise against a claim and not . . . an *ex ante* bar to forming a contingency-fee agreement."); *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 894 (Fed. Cir. 2008). With the assignment provision voided, the fee award is paid directly to the litigant and becomes subject to an administrative offset if the litigant owes a debt to the federal government. *Bryant*, 578 F.3d at 446. Thus, regardless of whether the fee award is paid directly to the litigant or is assigned to his attorney, awarding fees upon sentence-four remands does not create a windfall for litigants.

For these reasons, litigants "incur" fees under the EAJA when they have an express or implied legal obligation to pay over such an award to their legal representatives, regardless of whether the court subsequently voids the assignment provision under the AAA. Because the representation agreements for Turner, Campbell, and Corns each contain such a provision, they have each "incurred" attorney's fees, entitling them to an award of fees under the EAJA.

## C. Campbell's Out-of-Pocket Expenses

The *Campbell* court also erred by denying Campbell's request for costs. It specifically noted that $367 of the award that Campbell requested would reimburse her for "costs." Because Campbell became a "prevailing party" upon receiving a sentence-four remand, *see Shalala*, 509 U.S. at 300, she is entitled under the EAJA to reimbursement for costs.

## III.  CONCLUSION

For the reasons stated above, we REVERSE the judgments of the district courts and REMAND for further proceedings consistent with this opinion.