Christopher COX, Plaintiff,

v.

Michael J. ASTRUE, Commissioner Of Social Security, Defendant.

Civil No. 3:11–cv–83–JMH.

United States District Court, E.D. Kentucky, Central Division, at Frankfort.

Jan. 16, 2013.

**660**

Alvin D. Wax, Louisville, KY, for Plaintiff.

John S. Osborn, III, U.S. Attorney's Office, Lexington, KY, for Defendant.

## ORDER

JOSEPH M. HOOD, Senior District Judge.

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1996) ("EAJA"). [D.E. 17]. Defendant has responded [D.E. 19], and Plaintiff has replied [D.E. 20]. This matter is now ripe for decision.

Plaintiff has moved this Court for an award of attorney fees and costs against Defendant at a fee of § 140.00 per hour, allegedly counsel's "usual and customary rate awarded by this Court on previous occasions." [D.E. 17 at 2]. Furthermore, Plaintiff's counsel has requested that the attorney fees be paid directly to him instead of Plaintiff, and Plaintiff has executed an assignment agreement giving counsel the authority to directly collect the fee. [D.E. 17–4; 20–1].

 With regard to the amount of Plaintiff's counsel's requested fee, 28 U.S.C. § 2412(d)(2)(A) provides that fees

> shall be based on prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

§ 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir.2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ("[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable

fee is on the fee applicant")). "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citing *Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541).

■ In this case, Plaintiff submitted an unpublished and unreported 2007 Memorandum Opinion and Order from the Western District of Kentucky at Louisville in which a judge saw fit to increase the customary fee given the increase in cost of living in Louisville since 1996, the year Congress enacted the EAJA. [D.E. 17–2]. Further, Plaintiff states in his reply, without attaching any evidentiary support, that the "cost of living increases since the enactment of the 125.00 per hour rate far exceed[ ] the $140.00 per hour rate requested by counsel." [D.E. 20 at 1]. Plaintiff also argues that the cost of filing a lawsuit has increased and points out that electronic filing now requires attorneys to purchase and maintain expensive equipment such as fax machines and scanners. [D.E. 20 at 1].

However, Plaintiff cannot sustain his burden to show that increased fees are justified by simply arguing that the rate of inflation supports such increase. *Bryant,* 578 F.3d at 450 (After the plaintiff argued that the rate of inflation supported an increase of fees, the Sixth Circuit held that this "is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests."). Further, while this Court has justified the award of higher fees in the past because the particular case required special expertise in evolving areas of the law, Plaintiff has not made a showing that his case, which involved a claim of disability due to mood disorder, anxiety disorder, and bipolar disorder, required any more experience than an average So-

cial Security case. *Kalar v. Astrue,* No. 10–428–JBC, 2012 WL 2873815, at *1–2 (E.D.Ky. July 13, 2012) (noting that the undersigned has previously determined that if special expertise is involved, an award of higher fees may be appropriate); [D.E. 9–1 at 23].

Finally, the 2007 Memorandum Opinion and Order from Louisville does not change this Court's opinion that an increase in fees is not justified in this case, nor has it changed the minds of several district courts in the Eastern District of Kentucky who have continued to adhere to the $125.00 statutory limit. [D.E. 17–2]; *see Kalar,* 2012 WL 2873815, at *1–2 (awarding fees at a rate of $125.00 per hour); *Page v. Astrue,* No. 09–210–GWU, 2011 WL 2560265, at *2 (E.D.Ky. June 28, 2011) (holding that the rate of $125.00 is appropriate in this district); *Cole v. Astrue,* No. 09–185–KSF, 2010 WL 715832, at *2 (E.D.Ky. Feb. 24, 2010) (holding that $125.00 per hour "is consistent with the prevailing market rate" in this community). Therefore, Plaintiff is limited to recovering the statutory fee of $125.00 per hour for his work, or a total of $3,993.75.

■ Plaintiff also requests that his attorney fees be paid directly to counsel instead of Plaintiff himself. Defendant objects to this request and argues in reliance on *Astrue v. Ratliff,* —— U.S. ——, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), that attorney fees must be paid directly to the litigant, not his counsel. Plaintiff argues in his Reply that the Supreme Court's opinion in *Astrue* only requires the Commissioner to pay fees directly to the litigant when the litigant has a preexisting debt owed to the government; however, a reading of *Astrue* proves differently.

■ *Astrue* clearly states that "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." *Astrue,* 130 S.Ct. at 2527 (emphasis added). This implies

that, first and foremost, EAJA fees should be paid to litigants regardless of whether the Commissioner presently shows that the litigant has a federal debt or not. In Bryant, the Sixth Circuit heralded this same view. *Bryant,* 578 F.3d at 448 ("[W]e are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

The fact that Plaintiff has executed an assignment to any entitlement he may have under the EAJA to his attorney does not change this result. Under the Anti-Assignment Act, 31 U.S.C. § 3727, an assignment of a claim against the United States that is executed before the claim is allowed, before the amount of the claim is decided, and before a warrant for payment of the claim has been issued, is void. § 3727(b). While the Sixth Circuit has not directly spoken on this issue, district courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void. *See Kalar,* 2012 WL 2873815, at *2 ("an assignment executed against the United States before the amount of the claim was decided and before a warrant for payment of the claim was issued is void under the AAA"); *Cooper v. Comm'r of Soc. Sec.,* No. 1:09–cv–40, 2011 WL 3269446, at *4 (W.D.Mich. Apr. 11, 2011) (holding that the assignment of an anticipated EAJA award "before the court allowed an award" violated the Anti–Assignment Act); *Johnson v. Astrue,* No. 1:09CV2959, 2011 WL 4729933, at *4 (N.D.Ohio Oct. 7, 2011) ("any assignment of an EAJA award that predates the actual award of fees is void").

Furthermore, while *Turner v. Comm'r of Soc. Sec.,* 680 F.3d 721 (6th Cir.2012), states in passing that "[f]ees are paid directly to the claimant ... unless the claimant preemptively assigns the fee award to counsel," the Court agrees with the opinion expressed in *Kalar* that this statement from *Turner* is dicta, as the issues in *Turner* had no bearing on the issues involved in the present case. *Turner,* 680 F.3d at 724; *Kalar,* 2012 WL 2873815, at *2. Therefore, while the Court will award attorney fees pursuant to the EAJA in the amount of $3,993.75, the fees are awarded to Plaintiff Cox, not his attorney. In the event that Cox owes any pre-existing federal debt, the Government is entitled to offset the award.

Accordingly, **IT IS ORDERED:**

1) that Plaintiff's Motion for Payment of Fees under the EAJA [D.E. 17] is **GRANTED IN PART** to the extent that Plaintiff is awarded EAJA fees at the rate of $125.00 per hour for 31.95 hours of work. Thus, Plaintiff is entitled to fees in the amount of **$3,993.75.**

2) that Plaintiff's Motion for Payment of Fees under the EAJA [D.E. 17] is **DENIED IN PART** to the extent that Plaintiff's counsel requested the attorney fees be paid directly to him instead of Plaintiff. The EAJA fees are properly awarded to Plaintiff Cox.