RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0248p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

HOPE KERR, for Hank W. Kerr, Deceased,

*Plaintiff-Appellant,*

*v.*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

⎫
⎪
⎪
⎬  No. 16-6673
⎪
⎪
⎭

─────────────

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:15-cv-00313—

Argued: June 15, 2017

Decided and Filed: November 1, 2017

Before: NORRIS, MOORE, and STRANCH, Circuit Judges.

─────────────

## COUNSEL

─────────────

**ARGUED:** Mahesha P. Subbaraman, SUBBARAMAN PLLC, Minneapolis, Minnesota, for Appellant. Michael Jason Scoggins, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee. **ON BRIEF:** Mahesha P. Subbaraman, SUBBARAMAN PLLC, Minneapolis, Minnesota, Gregory T. Marks, GREG MARKS, P.S.C., Louisville, Kentucky, for Appellant. Meghan O'Callaghan, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

─────────────

## OPINION

─────────────

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant Hope Kerr (on behalf of her deceased husband Hank W. Kerr) appeals the judgment of a United States Magistrate Judge

denying as moot her motion under Federal Rule of Civil Procedure 59(e). In April 2015, Kerr sought judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") that Mr. Kerr was not entitled to disability benefits prior to his death. After the district court granted a joint motion to remand for further administrative proceedings, Kerr moved for attorney fees under the Equal Access to Justice Act ("EAJA"). Kerr specifically requested that any fee award be made payable directly to her attorney pursuant to an assignment between Kerr and the attorney. The district court concluded that it could not award fees directly to Kerr's lawyer because it concluded that the fee assignment violated the Anti-Assignment Act ("AAA"). Kerr subsequently filed a motion to amend or alter the district court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure requesting that the court reverse the application of the AAA to her assignment with her lawyer, honor the fee award assignment, and order payment of the fees directly to Kerr's counsel. Before the district court could rule on the Rule 59(e) motion, the Commissioner paid the fee award to Kerr's counsel. The district court subsequently denied as moot Kerr's Rule 59(e) motion. For the reasons stated below, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

On April 27, 2015, Hope Kerr filed a civil action seeking judicial review of the final determination of the Acting Commissioner of the Social Security Administration that Kerr's husband was not disabled and therefore not entitled to any disability insurance benefits prior to the time of his death. R. 1 (Compl. at 1) (Page ID #1). Because Kerr was living with her husband at the time of his death, she was due to receive any payment owed to Mr. Kerr and was a proper substitute party for Mr. Kerr in any proceedings before the Social Security Administration. 20 C.F.R. §§ 404.503(b)(1), 416.542(b)(1).

The parties consented to have the case heard by a United States Magistrate Judge. R. 11 (Consent Order at 1) (Page ID #617). The Commissioner did not oppose Kerr's request for a remand and the parties stipulated to reversal and remand of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). R. 20 (Order at 1) (Page ID #652). Subsequent to the remand, Kerr moved in the district court for an award of $3,206.25 in attorney fees pursuant to the Equal Access to Justice Act. R. 22 (Fee Mot. at 2) (Page ID #656); 28 U.S.C. § 2412(d). Kerr

specifically requested that any fees awarded "be made payable to Plaintiff's counsel . . . ." *Id.* Kerr attached to her motion an "Affidavit and Assignment of EAJA Fee," that was signed on March 23, 2016. R. 23 (EAJA Assignment) (Page ID #661–62). The assignment document stated that, "I assign any right or interest I may have in the award of an EAJA fee and understand that the EAJA award shall be paid to my attorney, Greg Marks, to compensate counsel for the work performed on this case in the U.S. District Court." *Id.* Kerr specifically "ask[ed] that the EAJA award be made payable to Greg Marks and not to me as Plaintiff." *Id.* at Page ID #661. The Commissioner responded to Kerr's EAJA fee motion by stating that she "does not oppose [Kerr's] motion for attorney fees in the amount of $3,206.25," and that "[a]fter the Court enters the above award, if . . . [Kerr] owes no pre-existing debt subject to offset," then the Commissioner would "direct that the award be made payable to [Kerr's] attorney pursuant to the EAJA assignment duly signed by [Kerr]." R. 24 (Comm'r Resp. at 1) (Page ID #663).

On April 29, 2016, the district court granted Kerr's motion for attorney fees in the amount of $3,206.25. R. 25 (Order at 3) (Page ID #669). The district court declined to honor Kerr's assignment and concluded that it was required to order payment of the award to Kerr as the prevailing party. *Id.* Specifically, the district court concluded that it could not "ignore the Anti-Assignment Act," which prohibits "an assignment of a claim against the United States that is executed before the claim is allowed, before the amount of the claim is decided, and before a warrant for payment of the claim has been issued." *Id.* at 4 (Page ID #670) (internal quotation marks omitted). After *sua sponte* invoking the AAA, the district court noted that "[w]hile the Sixth Circuit has not directly spoken on this issue, district courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void." *Id.* (internal quotation marks omitted). The district court therefore declared Kerr's assignment of her EAJA award to her counsel void because "the assignment predate[d] the [district court's] award of fees." *Id.* at 5 (Page ID #671). Finally, the district court "le[ft] it to the Commissioner's discretion to determine whether to waive the Anti-Assignment Act and make the fee payable to Mr. Marks." *Id.* at 6 (Page ID #672).

Kerr responded to the district court's order by filing a motion pursuant to Federal Rule of Civil Procedure 59(e) seeking: (1) to "reverse the [district court's] application of the Anti-

Assignment Act"; and (2) to issue an order requiring payment of the fee award directly to Kerr's counsel. R. 26 (Mot. at 25) (Page ID #698). The Commissioner responded that she would "exercis[e] her discretion to accept [Kerr's] assignment" and "make the EAJA award payable to counsel." R. 27 (Response at 1) (Page ID #760). The Commissioner further suggested that the district court should deny as moot the Rule 59(e) motion because the Commissioner had "deci[ded] to waive compliance with the [Anti-Assignment Act], [and] granting [Kerr's] motion would not provide h[er] with any additional relief." *Id.* at 1–2 (Page ID #760–61). Additionally, the Commissioner argued that "[w]hether the Anti-Assignment Act (AAA) applies to the assignment of EAJA fees would only be relevant to the outcome of this matter if the Commissioner declined to waive the AAA in this particular case." *Id.* at 760. Kerr filed a reply to the Commissioner's response and argued that: (1) the district court incorrectly ruled that the AAA applied in EAJA cases; and (2) Kerr's rule 59(e) motion was not moot in light of the "capable of repetition yet evading review" and "voluntary cessation" exceptions to mootness. R. 28 (Reply at 4) (Page ID #767).

On October 17, 2016, the district court issued a memorandum opinion and order denying as moot Kerr's motion to amend pursuant to Rule 59(e). The district court concluded that "Kerr asked for the award to be made payable to counsel. The Commissioner made the award payable to counsel." R. 29 (Rule 59(e) Order at 2) (Page ID #773). Because the district court concluded that Kerr's motion was moot, it did "not consider whether it clearly erred in the previous memorandum opinion and order [applying the AAA to the EAJA fee assignment]." *Id.*

Kerr now appeals and argues that: (1) the district court erred in holding that Kerr's motion under Federal Rule of Civil Procedure 59(e) was moot; (2) this court should decide the pure legal issues raised by Kerr's Rule 59(e) motion; (3) the Anti-Assignment Act does not apply to client-to-counsel assignments of judicial EAJA fee awards in Social Security cases; and (4) the Commissioner of Social Security must honor client-to-counsel assignments of judicial EAJA fee awards. For the reasons that follow, we affirm the district court's judgment.

## II. ANALYSIS

### A. Standard of Review

"We review de novo a district court's decision regarding mootness." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001). We also review de novo a district court's decision regarding an issue of statutory interpretation pursuant to the Equal Access to Justice Act. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009). "We review a district court's decision to exercise jurisdiction over a declaratory judgment action for abuse of discretion." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008). Finally, we review for abuse of discretion a district court's denial of a Rule 59(e) motion. *Intera Corp. v. Henderson*, 428 F.3d 605, 619 (6th Cir. 2005).

### B. Kerr's Rule 59(e) Motion Is Not Moot

Kerr first argues that the district court erred in denying as moot her Rule 59(e) motion to alter or amend the judgment awarding fees to Kerr (and not directly to her lawyer) because: (1) the Commissioner had the burden to prove mootness; (2) the Commissioner's waiver of the Anti-Assignment Act was a waiver of a power she did not have; (3) Kerr and her counsel retained a concrete interest in their property right to engage in EAJA award assignments that was impaired by the district court's previous order; and (4) the mootness exceptions of capable of repetition yet evading review and voluntary cessation apply.

The district court concluded "that the motion to alter or amend is moot. Kerr asked for the award to be made payable to counsel. The Commissioner made the award payable to counsel." R. 29 (Op. at 2) (Page ID #773). The district court rejected Kerr's argument that the capable of repetition yet evading review exception applies because "Kerr has not shown that cases presenting this fact pattern have been *evading* review. Indeed, it is likely that a claimant who receives an award payable to the claimant but subject to the government's set-off could, and would, challenge the Anti-Assignment Act's application." *Id.* The court similarly concluded that Kerr failed to show "that the Commissioner's compliance with this Court's order, by making the award payable to the attorney, was a *voluntary* cessation of a challenged practice." *Id.*

Article III of the United States Constitution limits the power of the federal courts to "Cases" and "Controversies." U.S. Const. Art. III, § 2. "The 'case-or-controversy requirement subsists through all stages of federal judicial proceedings.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A federal court "lacks jurisdiction to consider any case or issue that has lost its character as a present, live controversy and thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quotation marks omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720–21 (6th Cir. 1983)). Therefore, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)). We have recognized that "a case becomes moot only when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530–31 (6th Cir. 2001) (quotation marks omitted). It is always the case that "[t]he heavy burden of demonstrating mootness rests on the party claiming mootness." *Id.*

Any claimant may obtain review of a final decision of the Commissioner by filing a civil action in the district court, pursuant to 42 U.S.C. § 405(g). Sentence four of § 405(g) provides that the district court may "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," which we have referred to as a "sentence-four remand." *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). "On sentence-four remand, the administrative law judge retains the discretion to grant or deny a benefits award." *Id.* (citing *Shalala v. Schaefer*, 509 U.S. 292, 304 (1993) (Stevens, J., dissenting)). When a sentence-four remand is granted, the plaintiff becomes the "prevailing party" under EAJA, which "entitle[s] the plaintiff to 'fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party . . . .'" *Id.* (quoting 28 U.S.C. § 2412(d)(1)(A)). EAJA fees are not deducted from the claimant's benefit award and are instead awarded in excess of any benefits due (in contrast to attorney fees

under 42 U.S.C. § 406(b), which are deducted from the claimant's final award). *Id.* "Fees are paid directly to the claimant, *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449 (6th Cir. 2009), unless the claimant preemptively assigns the fee award to counsel." *Id.* (citation omitted). The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Because "EAJA does not legally obligate the Government to pay a prevailing litigant's attorney . . . the litigant's obligation to pay her attorney is controlled . . . by contract and the law governing that contract." *Id.* at 599 (Sotomayor, J. concurring). Whether EAJA awards must be paid to attorneys or prevailing parties and whether the Anti-Assignment Act applies in the EAJA context are important legal issues because "[t]he EAJA's admirable purpose will be undercut if lawyers fear that they will never actually receive attorney's fees to which a court has determined the prevailing party is entitled." *Id*. at 600.

Kerr argues that although the Commissioner waived application of the AAA to Kerr's EAJA award, doing so "put the cart before the horse." Appellant Br. at 16. Kerr suggests that "[f]or the Commissioner to argue that her discretionary decision to waive the Anti-Assignment Act completely mooted Kerr's Rule 59(e) Motion, the Commissioner first had to demonstrate that she could enforce the Act against Kerr's assignment." *Id.* at 16–17. Although the Commissioner eventually paid Kerr's lawyer directly, Kerr argues that there still existed a live controversy regarding the application of the AAA to EAJA fee awards, and that Kerr and her counsel retained a concrete interest in the outcome of [her] Rule 59(e) motion: "an unimpaired property right to engage in EAJA award assignments." Appellant Br. at 18.

We disagree that Kerr and her lawyer were deprived of a property right to engage in attorney fee assignments, and that the alleged deprivation meant that a live controversy still existed. Kerr sought payment of her EAJA fee award directly to her lawyer, and by the time the district court acted on Kerr's Rule 59(e) motion, the Commissioner had paid the requested EAJA fee award directly to Kerr's lawyer. We conclude that the Commissioner's action of paying the EAJA fee award directly to Kerr's lawyer would have, in the normal course, mooted this case.

Kerr argues that even if the Commissioner's action of waiving the AAA mooted her case, we should still exercise jurisdiction because the Commissioner's actions are capable of repetition yet evading review. We agree. "[A] case will not be considered moot if it the challenged activity is capable of repetition, yet evading review." *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014) (quoting *Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005)). "For this exception to apply, 'a challenged action must satisfy two requirements. First, it must be too short in duration to be fully litigated before it ceases. Second, there must be a *reasonable* expectation that the *same parties* will be subjected to the same action again.'" *Wilson v. Gordon*, 822 F.3d 934, 951 (6th Cir. 2016) (quoting *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 430 (6th Cir. 2013)).

The "capable of repetition yet evading review" exception applies in this case because the challenged action (the Commissioner interpreting the AAA as applying in the EAJA fee context yet agreeing to waive the AAA subject to administrative offset) is too short in duration to be fully litigated before it ceases. Kerr's attorney fee assignment was signed on March 23, 2016. The motion for attorney fees was granted on April 29, 2016, and the Commissioner informed the district court of her intention to honor the attorney fee assignment and waive application of the AAA on June 16, 2016. R. 27 (Comm'r Resp. at 1) (Page ID #760). The case was not even docketed in this court until November 16, 2016, and the briefing was not complete until March 17, 2017. The nearly three-month period between the time the assignment was executed and the time the Commissioner determined both that the AAA applied and that she would waive application of the AAA is far too short in duration to be fully litigated. We also conclude that Kerr has met the second element of the "capable of repetition yet evading review" test because there is a reasonable expectation that these same parties will be subjected to this same action in the future. As Kerr rightly notes, "there is a more-than-reasonable likelihood that Kerr and her counsel will benefit from judicial review given that Kerr's case is still ongoing and Kerr's counsel—a Social Security lawyer for over 20 years—has received EAJA awards in many cases." Appellant Br. at 24. Because the Commissioner's action of interpreting and then waiving the AAA is capable of repetition yet evading review, we conclude that this case is not moot.

**C. Kerr's Purely Legal Claim Is Properly Before This Court**

Now that we have concluded that Kerr's case is not moot, the question falls to us to decide whether we should return this case to the district court for resolution of the merits issues. There is certainly a persuasive argument that district courts should take the first pass at the thorny, complex, and important legal issues presented in these types of cases. On the other hand, principles of judicial economy suggest that appellate courts should consider purely legal issues where those issues are all but certain to dictate the outcome of the litigation. Kerr argues that we should "decide the pure legal issues raised by Kerr's Rule 59(e) [m]otion as a matter of judicial economy." Appellant Br. at 28. Kerr believes that we are best situated to address her legal issues "because: (1) the merits concern pure questions of law that do not require any fact-finding to resolve; (2) the merits are capable of clear resolution; and (3) remand would only entail further needless delay." *Id.*

Although it is generally true that "an appellate court may not consider an issue not addressed below," we have previously held that "[t]his court will decide an issue a lower court does not reach if the issue is a purely legal one or if doing so is in the interest of judicial economy." *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 494–95 (6th Cir. 2014) (citing *Lindsay v. Yates*, 498 F.3d 434, 441 (6th Cir. 2007)). In cases that do "not necessitate any findings of fact, the district judges' expertise in evaluating factual matters cannot advance our appellate review." *Hadix v. Johnson*, 144 F.3d 925, 935 (6th Cir. 1998), *abrogated on other grounds by Miller v. French*, 530 U.S. 327 (2000).

We have no doubt that the district court could capably and ably address the legal issue regarding the propriety of issuing a declaratory judgment in this case. However, we conclude that this is the exact type of issue that can and should be decided by the appellate court in the first instance. Kerr has presented us with two purely legal issues: "First, does the Anti-Assignment Act reach client-to-counsel assignments of judicial EAJA fee awards in Social Security cases," and, "[s]econd, if the Anti-Assignment Act doesn't apply, does an otherwise valid client-to-counsel assignment of a judicial EAJA fee award in a Social Security case require the Commissioner to pay this award directly to counsel?" Appellant Br. at 29. Whether to issue a declaratory judgment on these two questions about the applicability of the Anti-Assignment

Act to Social Security fee-assignment cases is a purely legal issue that we may appropriately adjudicate at this stage in the litigation. We also conclude that it is appropriate to address Kerr's legal issues on appeal because: (1) our answer to these legal questions is integral to the outcome of this litigation and others; (2) the issues have been clearly and thoroughly briefed and argued before us and are therefore capable of clear resolution; and (3) remand would not be in the interest of judicial economy because either party would almost certainly appeal an adverse decision by the district court and we would eventually be called upon to address these very issues. We therefore conclude that it is both prudent and in the interests of judicial economy to reach the merits of Kerr's legal issues.

**D.    The District Court Correctly Concluded that EAJA Fee Awards Are Paid To Parties, Not Counsel**

Kerr argues on the merits that the district court erred in voiding her EAJA attorney fee assignment under the AAA, and asks us to declare that the AAA cannot void EAJA fee assignments. We believe that this issue has already been considered and decided by both this court and the Supreme Court, and for the reasons that follow, we affirm the district court's judgment that EAJA fee awards are made payable to the prevailing party, not the prevailing party's lawyer.

The district court invoked the AAA *sua sponte* because it concluded that it could not "ignore the Anti-Assignment Act." R. 25 (Order at 4) (Page ID #670). The district court concluded that "[u]nder the Anti-Assignment Act, 31 U.S.C. § 3727, an assignment of a claim against the United States that is executed before the claim is allowed, before the amount of the claim is decided, and before a warrant for payment of the claim has been issued is void." *Id.* (quoting 31 U.S.C. § 3727(b)). The district court conceded that this is an issue of first impression before this court, and noted that "[w]hile the Sixth Circuit has not directly spoken on this issue, district courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void." *Id.* After concluding that Kerr's assignment of her fee award to her counsel predated the court's award of fees pursuant to EAJA, the district court concluded that the assignment "appears to be void." *Id.* at 5 (Page ID #671). The district court noted, however, that "while it is obligated to award fees directly to Kerr, it

appears that nothing prevents the Commissioner from waiving application of the Anti-Assignment Act and making the award payable to Mr. Marks should the Commissioner verify that Kerr owes no pre-existing debt to the United States Government." *Id.* The district court thus decided to "leave it to the Commissioner's discretion to determine whether to waive the Anti-Assignment Act and make the fee payable to Mr. Marks." *Id.* at 6 (Page ID #672).

### 1. The Anti-Assignment Act

The Anti-Assignment Act provides that "a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(a)(1), (b). Congress enacted the AAA as a means "to prevent persons of influence from buying up claims against the United States, which might then be improperly urged upon officers of the Government." *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 373 (1949). "In effect, the [Anti-Assignment Act] serves as a defense that the Government can raise against a claim." *Murkeldove v. Astrue*, 635 F.3d 784, 794 (5th Cir. 2011). However, "[i]t is well established . . . that the Government can waive coverage of the Anti-Assignment Acts." *Riviera Fin. of Tex., Inc. v. United States*, 58 Fed. Cl. 528, 530 (Fed. Cl. 2003). The AAA "must be interpreted in the light of its purpose to give protection to the Government . . . . [A]ssignments may be heeded, at all events in equity, if they will not frustrate the ends to which the prohibition was directed." *Martin v. Nat'l Sur. Co.*, 300 U.S. 588, 596–97 (1937).

### 2. *Astrue v. Ratliff* Governs This Case

In *Astrue v. Ratliff*, 560 U.S. 586 (2010), the Supreme Court resolved a challenge to Section 204(d) of EAJA, 28 U.S.C. § 2412(d), which provides that "a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." The Court held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States." *Ratliff*, 560 U.S. at 589. The plaintiff in *Ratliff* prevailed in her Social Security benefits

action, and the district court granted plaintiff's unopposed motion for attorney fees. *Id.* Before paying the fee award, the United States sought an administrative offset to cover a debt that the plaintiff had previously owed to the government. *Id.* The plaintiff's lawyer "intervened to challenge the offset on the grounds that Section 2412(d) fees belong to a litigant's attorney and thus may not be used to offset or otherwise satisfy a litigant's federal debts." *Id.* at 590.

The Court concluded that "[t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the state 'awards' the fees directly to the attorney," because "it 'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 593. Citing 42 U.S.C. § 406(b)(1)(A), the Court noted that although the Social Security Act makes standard attorney Social Security fee awards payable directly to the prevailing claimant's attorney, "the absence of such language in subsection [2412](d)(1)(A)," made the Court "reluctant to interpret the latter [EAJA] fee provision to contain a direct fee requirement absent clear textual evidence supporting such an interpretation." *Id.* at 595. Justice Sotomayor concurred, noting that "[t]he EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Id.* at 599.

It is clear after *Ratliff* that attorney fees ordered under EAJA are to be paid to the prevailing party. Not only does *Ratliff* control here in that it compels us to affirm the district court's award of fees to Kerr, but it also impliedly affirms the district court's decision to void the EAJA fee award assignment. Although the Court never mentioned the AAA, it was undoubtedly aware of the prevalence of attorney fee assignments. *See Ratliff*, 560 U.S. at 597 (noting that the Commissioner "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney (which assignment would not be necessary if the statute rendered the fees award payable to the attorney in the first instance).") We therefore conclude that although Kerr had the right to assign her EAJA fee award to her lawyer, the award itself was payable to Kerr and the Commissioner had discretion either to honor or not to honor the assignment.

**3.** *Hobbs v. McLean* **Does Not Dictate The Outcome Of This Case**

Kerr urges us to decide this case based on *Hobbs v. McLean*, 117 U.S. 567 (1886), a case that applied the Anti-Assignment Act to a private partnership agreement. The *Hobbs* Court, in discussing the Anti-Assignment Act's application to claims against the United States noted that, "[w]hat is a claim against the United States is well understood. It is a right to demand money from the United States." *Id.* at 575. The AAA, the Court concluded, "only refers to claims against the United States which can be presented by the claimant to some department or officer of the United States for payment, or may be prosecuted in the Court of Claims." *Id.* Kerr further argues that after *Hobbs*, "the Anti-Assignment Act cannot be said to reach client-to-counsel assignments of judicial EAJA fee awards in Social Security cases . . . because claims for these specific awards can neither be: (1) 'presented by the claimant to some department or officer of the United States for payment'; nor (2) 'prosecuted in the Court of Claims.'" Appellant Br. at 38 (quoting *Hobbs*, 117 U.S. at 575). Kerr argues that because EAJA claims must be presented to a judge and not an officer of the United States and because they cannot be presented in the U.S. Court of Federal Claims, such claims fail the *Hobbs* test.

Although we appreciate Kerr's logical, forceful, and creative argument, we disagree. We understand *Hobbs* to stand only for the proposition that an assignment between two private parties may be enforceable as to the parties and at the same time not enforceable against the United States. We therefore conclude that claims for attorney fees under EAJA are "claims against the United States" because "[a]n award of statutory attorney's fees is, at base, a right to demand money from the United States. Given the broad construction we are required to give the Anti-Assignment Act, we see no reason to place statutory attorney's fees awards beyond the reach of the Act." *United States v. Kim*, 806 F.3d 1161, 1171 (9th Cir. 2015).

**4.** *Bryant v. Commissioner of Social Security* **Is Dispositive**

One year before *Ratliff*, in *Bryant v. Commissioner of Social Security*, we held "that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA." 578 F.3d 443, 448 (6th Cir. 2009). In *Bryant*, two separate plaintiffs succeed in the district court in having their Social Security disability benefits cases remanded to the Commissioner. *Id.* at

445. The plaintiffs then moved for attorney fee awards under EAJA and requested that payment be made directly to their counsel. *Id.* The Commissioner argued that the fees should be paid to the plaintiffs and not to their lawyers, and the district court agreed. On appeal, we noted that "the EAJA specifically states that a fee application must demonstrate that 'the party'—not the party's attorney—is both a 'prevailing party' and is financially 'eligible to receive an [EAJA] award.'" *Id.* at 448 (quoting 28 U.S.C. § 2412(d)(1)(B)). We also explained, as the Supreme Court later did in *Ratliff*, that "[i]f Congress had intended for EAJA fees to be awarded to the party's attorney, it could have explicitly done so." *Id.* (discussing § 406(b) of the Social Security Act, which provides for direct payment of attorney fees to the attorney out of the total amount of the award).

After *Bryant* and *Ratliff*, it is clear that the district court correctly concluded that the attorney award in this EAJA case was due to Kerr as the prevailing party. Whether the AAA can apply to void an assignment of EAJA fees was discussed three years after *Bryant*, in *Turner v. Commissioner of Social Security*, 680 F.3d 721 (6th Cir. 2012).

### 5. *Turner v. Commissioner of Social Security* **Is Dispositive**

*Turner*, like this case, was an EAJA attorney fee case involving a sentence-four remand. *Turner*, 680 F.3d at 722. The plaintiff in *Turner* signed a representation agreement with his lawyer that, inter alia, "assigned to [the lawyer] any fees that the court may award Turner under the EAJA." *Id.* Upon being initially denied benefits by the Commissioner, Turner was successful in having his case remanded pursuant to sentence four of 42 U.S.C § 405(g). *Id.* Turner then filed a motion for attorney fees pursuant to EAJA, and the district court denied the motion. *Id.* In holding that the plaintiffs, and not their lawyers, were entitled to EAJA fee awards, we noted that "Fees are paid directly to the claimant, unless the claimant preemptively assigns the fee award to counsel." *Id.* at 723 (citation omitted). With respect to whether the AAA can apply in the context of an assignment of an EAJA fee award following a sentence-four remand, we said "[l]itigants may retain fee awards only if the assignment provision becomes void, usually because the government requests that the court void the provision under the AAA." *Id.* at 725 (citing *Murkeldove*, 635 F.3d at 794). We explicitly contemplated that the AAA could serve as a bar to an EAJA fee award assignment in *Turner*, and we conclude today that the

district court did not err in concluding that the AAA could bar Kerr's assignment to her lawyer in this case.

### 6. *United States v. Kim* Is Instructive

In *Kim*, the defendant and members of his family prevailed against government attempts to forfeit certain property seized in relation to a criminal investigation. 806 F.3d at 1164. Kim subsequently received several awards of attorney fees. *Id.* Kim's lawyer then asked that the district court pay the attorney fees directly to the lawyer, pursuant to an assignment between Kim and his counsel. *Id*. at 1164–65. The government raised the AAA as a defense, and argued that the AAA voided the assignment. The Ninth Circuit held that the Anti-Assignment Act could be applied to an assignment of attorney's fees under the Civil Asset Forfeiture Reform Act ("CAFRA"). *Id.* The court concluded that "the Anti-Assignment Act invalidates an assignment of an award of statutory attorney's fees against the United States from the claimant to his attorney. However, the Anti-Assignment Act goes no further. The Act does not prevent an attorney from taking an interest in the fees that is effective against the Government; it merely forbids an assignment of the right to be paid directly from the United States Treasury." *Id*. The court further concluded that "it is all but impossible for *any* assignment to comply with the strictures of the Anti-Assignment Act, because the Treasury no longer uses warrants," but acknowledged that "[i]t is well established . . . that the Government can waive coverage of the Anti-Assignment Acts." *Id*. at 1169 (quotation marks omitted). Finally, the court determined that the CAFRA fee award is a claim against the United States, that the fees belong to the client, and that the attorney retains an interest in the fee award.

We conclude that the Ninth Circuit's approach to the AAA in CAFRA cases can and should apply to the AAA in EAJA cases. We agree that a fee award under EAJA is "a right to demand money from the United States." *Kim*, 806 F.3d at 1171. Unless the government waives application of the AAA in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer.

Finally, we believe that our conclusion today is consistent with the purposes of the AAA, one of which is "to save to the United States 'defenses which it has to claims by an assignor by

way of set-off, counter claim, etc., which might not be applicable to an assignee.'" *United States v. Shannon*, 342 U.S. 288, 291–92 (1952) (citation omitted). We understand and share Justice Sotomayor's concern that "[t]he EAJA's admirable purpose will be undercut if lawyers fear that they will never actually receive attorney fees to which a court has determined the prevailing party is entitled." *Ratliff*, 560 U.S. at 600 (Sotomayor, J. concurring). And, as we stated in *Bryant*, "awarding attorney fees to successful parties, rather than to their attorneys, will prevent some successful plaintiffs from paying their lawyers, and ultimately, may prevent future claimants from obtaining counsel in the first place." *Bryant*, 578 F.3d at 445. However, our conclusion today is consistent with our Circuit precedent, Supreme Court precedent, and the statutory scheme of EAJA.

## III.  CONCLUSION

EAJA is an important tool for lawyers who seek to provide legal services to clients who might otherwise not be able to afford those services. In this case, the district court's conclusion that the dispute was moot was in error because the Commissioner's action of asserting and then waiving the AAA is capable of repetition yet evading review. We conclude that remand is not necessary because we have addressed the purely legal issues involved with this appeal. Therefore, for the reasons explained above, we **AFFIRM** the district court's judgment.