NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0543n.06

Case No. 17-6286

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| LINDA S. TERRY, | ) | FILED<br>Oct 29, 2018<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellant, | ) |  |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
|  | ) |  |
| COMMISSIONER OF SOCIAL SECURITY, | ) |  |
|  | ) |  |
| Defendant-Appellee. | ) |  |

Before: KEITH, COOK, and LARSEN, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** Plaintiff-Appellant Linda Terry ("Terry") appeals the district court's order, which voided her Equal Access to Justice Act ("EAJA")[1] fee award assignment to her attorney pursuant to the Anti-Assignment Act ("AAA").[2] Specifically, the

---

[1] In 1980 Congress passed the EAJA, 28 U.S.C. § 2412(d), which provides in relevant part that:

> (1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . . brought by or against the United States[,] . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> . . .
>
> (2) For the purposes of this subsection—
>
> (A) "fees and other expenses" includes . . . reasonable attorney fees . . . .

*Id.* § 2412(d)(1)(A), (2)(A); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997).

[2] The Anti-Assignment Act provides that "a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(a)(1), (b). The AAA was enacted as a means to prevent persons of influence from buying up claims against the United States and effectively serves as

district court adopted the magistrate judge's report and recommendation, finding that Terry prematurely assigned her fee award, which effectively voided her assignment. On appeal, Terry argues that the AAA does not apply to EAJA assignments, but even if it does apply, EAJA assignments fall within exceptions to the AAA. For the reasons stated below, we **AFFIRM** the district court's order.

## I.     BACKGROUND

On February 3, 2016, Terry filed a civil action seeking judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner"), ruling that she was not disabled and therefore not entitled to disability insurance benefits. Terry's case was then assigned to Magistrate Judge Colin Lindsay for a report and recommendation and to District Court Judge Thomas Russell for final decision.

On November 16, 2016, the district court granted the parties' joint motion to remand for further administrative proceedings in favor of Terry. Subsequent to remand, Terry filed a motion for attorney fees under the EAJA. Specifically, Terry requested that any such EAJA award be made payable directly to her counsel. Terry then attached to the motion an "Affidavit and Assignment of EAJA Fee," which stated in part that she assign any right or interest she may have in the award of an EAJA fee to her attorney, Greg Marks. The Commissioner responded to Terry's EAJA fee motion by stating that she did not oppose the award of the EAJA attorney fees in the sum of $3,218.75, but to be consistent with the United States District Court for the Western District of Kentucky's ruling in *Kerr v. Colvin*, Civil Action No 3:15-CV-313, she declined to direct the fee award to Terry's counsel pursuant to the AAA.

---

a defense that the Government can raise against claims. *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 373 (1949); *Murkeldove v. Astrue*, 635 F.3d 784, 794 (5th Cir. 2011).

On October 24, 2017, the district court adopted the Magistrate Judge's recommendation over Terry's objections, granted her motion for attorney fees, and voided her assignment, thereby ordering payment of the award to Terry. The district court also ordered the Commissioner to determine whether Terry's award was subject to any offset for debts owed to the United States, and if none were owed, then the Commissioner could waive application of the AAA and direct the fee award to Terry's counsel. Terry now appeals, arguing that EAJA fee awards are not a type of claim subject to the AAA and EAJA fee assignments fall within multiple AAA exceptions.

## II.    DISCUSSION

### A. Standard of Review

"An appellate court applies the abuse of discretion standard when reviewing a district court's decision regarding attorney fees under the EAJA." *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). A district court will be found to have abused its discretion "when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

### B. Analysis

#### a. *Kerr for Kerr* Is Controlling

At the core of this appeal, Terry presents an argument[3] identical to the one brought before this Court in *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926 (6th Cir. 2017). In *Kerr*—which also involved an attempted EAJA assignment from the prevailing party, Hope Kerr ("Kerr"), to

---

[3] Terry's counsel filed a motion to consolidate this case along with the related case *Kerr v. Comm'r of Soc. Sec*, No. 16-6673 (6th Cir. 2016), but the motion was denied as an unauthorized filing and was stricken and locked on the court's docket.

her attorney Greg Marks, who is also Terry's counsel—we rejected Kerr's argument that the AAA does not govern client-to-counsel assignments of judicial EAJA fee awards. Alternatively, Kerr argued that the assignment fell within either the AAA's operation of law exception—e.g. subrogation or state-lien laws—or the benefit-of-creditors exception. In addressing Kerr's claim that the district court erred in voiding her fee assignment under the AAA, we stated that "this issue has already been considered and decided," and affirmed the district court. *Kerr for Kerr*, 874 F.3d at 933–34.

Kerr filed a petition for a rehearing en banc arguing, *inter alia,* that the panel did not consider her alternative argument that the EAJA assignments fell within the exceptions[4] to the AAA. We denied her petition, stating that the issues raised in the petition were "fully considered." Order Denying Petition for Rehearing En Banc, *Kerr*, No. 16-6673, R. 40.

Terry argues that *Kerr* does not control this case because this court never *expressly* discussed whether the EAJA assignment fell within the AAA's operation-of-law or benefit-of-creditors exceptions.[5] But *Kerr* affirmed the district court's judgment that the AAA voided Kerr's EAJA fee assignment, and, in doing so, the court necessarily decided that the exceptions to the AAA did not apply to Kerr's assignment. Because Terry has not materially distinguished the facts of her case from those in *Kerr*, our prior decision is dispositive.

Essentially, it appears that Terry requests that this panel reconsider *Kerr*. This, however, can only be done by the *en banc* court or the United States Supreme Court. *See Sam & Ali, Inc. v.*

---

[4] The exceptions referenced in *Kerr* are identical to the exceptions referenced in this case, the operation-of-law and benefit-of-creditors exceptions.

[5] The exceptions to the AAA and Terry's arguments as to their application to EAJA fee awards were addressed by the district court. That court's dismissal of the arguments is summarized as follows: (1) subrogation is typically used in the context of insurance, and Terry's analogy was a matter of first impression and also unpersuasive; (2) Terry's argument analogizing state-lien laws to EAJA fee was also unpersuasive because the EAJA does not provide for attorney's fees by state statute; and (3) the assignments for the benefit of creditors argument was equally unpersuasive because case law does not support the idea that an attorney is a type of creditor.

*Ohio Dep't of Liquor Control,* 158 F.3d 397, 405 (6th Cir. 1998) ("No legal authority empowers this panel to reconsider, reverse, overrule, or modify the legal pronouncements of a prior published opinion of this circuit. Rather, [it] may be set aside or altered only by a decision of the United States Supreme Court or by the Sixth Circuit sitting *en banc*.").

### III.    CONCLUSION

For the reasons stated above and as a matter of *stare decisis,* Terry's appeal is foreclosed by our precedent, *Kerr for Kerr v. Comm'r of Soc. Sec.*, and we **AFFIRM** the district court's judgment.